## WILL ROGERS v. STATE.

No. A-2534.   Opinion Filed February 2, 1918.

(170 Pac. 269.)

VENUE—Embezzlement. If a person, in one county, is intrusted by another with personal property, to be returned to the owner, and afterwards takes it to another county, and there embezzles it, he cannot be tried for the crime in the county where he received it, unless he had conceived the intent of committing the crime when he received it.

*Appeal from District Court, Bryan County;*
*Jesse M. Hatchett, Judge.*

Will Rogers was convicted of the crime of embezzlement, and appeals. Judgment reversed. Case dismissed.

*Jones & McCasland* and *R. M. Rainey,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. The plaintiff in error, Will Rogers, was convicted in the district court of Bryan county upon information filed against him in said county, charging him with the embezzlement of two mules, the property of one

B. C. Freeny. He was sentenced to serve a term of one year and one day in the penitentiary.

Among other things, it is contended that the district court of Bryan county, as shown by the record in this case, did not have jurisdiction to try this offense. The question raised was presented to the lower court by a motion for the court to instruct the jury to return a verdict of not guilty, and also by requested instructions to the effect that although defendant was in possession of the mules in Bryan county, that fact was not sufficient to prove embezzlement, unless it be also shown that there was a wilful and felonious intent to appropriate the mules in said Bryan county to the use and benefit of said Rogers, and without the consent of said Freeny. The court refused to instruct the jury to acquit, and also refused to give several requested instructions along the line above indicated. We have carefully examined the evidence in this case, and have reached the conclusion from the testimony of the prosecuting witness, R. C. Freeny, that the district court of Bryan county did not have jurisdiction to try this offense.

The possession of the mules was obtained in Bryan county. Freeny let Rogers have a pair of mules to use during the crop season, but for some reason or other Rogers did not make a crop with these mules, of which fact Freeny was aware, and afterwards he told Freeny that he wanted to use the mules for the purpose of peddling some goods from house to house, which was satisfactory to Freeny. Freeny testified that all he desired was that Rogers break said mules and return them to him. He was asked on cross-examination if Rogers had authority to take the mules where he wanted to so he broke them to work, and Freeny answered that it made no difference. The evidence shows that Rogers took the mules into the

adjoining county of Atoka, and it was there that he converted same to his own use. There is not a line of testimony to the effect that he formed any intention to convert or embezzle the mules while in Bryan county. So far as the record shows, there was no criminal intent formed to convert the mules in Bryan county by Rogers—no evidence is in the record to show that any such intent existed, and it clearly appears from the testimony of the prosecuting witness that so far as he was concerned it was perfectly all right for Rogers to take the mules into Atoka county, provided he broke them and returned them to him after they were broken to work. There is nothing in the record to dispute the testimony of the prosecuting witness. We are convinced that he told the truth about the transaction, but upon his own statement the venue of this action lay in Atoka county.

To sustain the jurisdiction in Bryan county, the state relies upon the following statute:

Sec. 5616, Rev. Laws 1910: "When property taken in one county, by burglary, robbery, larceny, or embezzlement, has been brought into another, the jurisdiction of the offense is in either county. But if, before the beginning of the trial of the defendant in the latter, he be indicted or information be filed against him, in the former county, the sheriff of the latter must, upon demand, deliver him to the sheriff of the former county, upon being served with a certified copy of the indictment or information, and upon a receipt indorsed thereon by the sheriff of the former county, of the delivery of the body of the defendant, and is, on filing the copy of the indictment and the receipt, exonerated from all liability in respect to the custody of the defendant."

It will be noted that the wording of this statute requires that "property taken in one county by embezzle-

ment," etc., be brought into another county, in order for jurisdiction to prosecute to lie in either. There must be a taking by embezzlement in the first county; proof merely of the possession of property in the first county which was afterwards embezzled in the second county is not sufficient to sustain a jurisdiction to prosecute in the first county. All that was proven in this case was that the possession was obtained in Bryan county. This is not sufficient under said statute. In *People v. Murphy*, 51 Cal. 376, it is held:

"If a person, in one county, is intrusted by another with personal property, to be returned to the owner, and afterwards takes it to another county, and there embezzles it, he cannot be tried for the crime in the county where he received it, unless he had conceived the intent of committing the crime when he received it."

In the body of the opinion it is said:

"It is true that the property alleged to have been embezzled was received by the prisoner from its owner in the county of San Joaquin; but its receipt constituted no part of the offense within section 781, Penal Code, unless accompanied with the intent at the time upon the part of the prisoner to fraudulently convert the property to his own use."

The statutes of California relative to the venue in cases of embezzlement and larceny are identical with those of Oklahoma. Other cases to the same effect are *People v. Gordon*, 133 Cal. 328, 65 Pac. 746, 85 Am. St. Rep. 174; *People v. Meseros*, 16 Cal. App. 277, 116 Pac. 679; *Yost v. State* (Tex. Cr. App.) 38 S. W. 192.

We are not unmindful of the fact that some states hold that the prosecution may be maintained in the county in which the possession of the property is obtained with-

out any further evidence showing a fraudulent removal from that county or an intent to convert same upon removal. The decisions that support this rule are from states which have a broader statutory provision than that of Oklahoma, and some of which do not have a constitutional provision that the defendant is entitled to be tried by a jury in the county in which the crime is committed. Embezzlement is defined by the statutes of Oklahoma as follows:

Section 2670, Rev. Laws 1910: "Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted."

Therefore there must be a fraudulent appropriation of the property before a crime has been committed. There was no such appropriation by the defendant in Bryan county, nor is there proven any intent on his part to remove said property from said county for the purpose of appropriating same, nor that he received it with that purpose in view. On the contrary, the showing is here that he took the property out of Bryan county by tacit permission of the prosecuting witness, and was under no contract to account back to the prosecuting witness in Bryan county.

Nor do we believe that section 5612, Rev. Laws 1910, would confer jurisdiction of the trial of this crime in Bryan county. Said section provides:

"When a public offense is committed, partly in one county and partly in another county, or the acts or effects thereof constituting or requisite to the offense, occur in two or more counties, the jurisdiction is in either county."

If it be admitted that the receipt or possession of the property is to be deemed an act "requisite to the commis-.

sion of the offense," we do not think this would sustain the position of the prosecution, for it is not every act required to consummate the offense that falls within the meaning of this section. But the limitation is "the acts or effects thereof," which clearly means that there must be a wrongful act done which was necessary to the commission of the offense or to accomplish its purpose in one or the other of the counties. Our constitutional provision (section 20, article 2) entitling the defendant to be tried by a jury in the county in which the crime was committed could hardly be construed to authorize a prosecution for a crime in a county where the acts and intentions of the defendant were without criminality. Clearly, then, the construction required to be placed upon section 5612, *supra,* is that the acts and effects which are criminal must occur in one or the other of the counties, so that the completed crime is consummated by the combination of said criminal acts in the two counties. It can hardly be successfully contended that the constitutional provision aforesaid would permit the state to prosecute for crime in a county where it is not shown that the defendant had ever done a wrongful act, or intended so to do.

We think, therefore, that the foregoing opinions state the proper rule, and should be followed where the constitutional provisions and the statutes are like those in Oklahoma.

The judgment is therefore reversed, with instructions to the trial court to dismiss the cause.

DOYLE, P. J., and ARMSTRONG, J., concur.