Ex parte J. A. LUCAS.

No. A-5962. Opinion Filed March 8, 1926.
(243 Pac. 990.)

408

Mathers & Renegar, for petitioner.

The Attorney General and Leon S'. Hirsh, Asst. Atty. Gen., for the State.

BESSEY, P. J. The petition states that J. A. Lucas is being confined in the common jail of Washita county, upon a warrant issued by H. C. Hubbard, county judge, charging the petitioner with murder, upon a showing made that the petitioner sold a gallon of whisky in Elk City, Beckham county, to one Claud Mathews; that a half gallon jug of the whisky so sold was by said Mathews and his two companions taken into Washita county and there hidden by the roadside; that one Lowell Owens and two others, together with the three who had procured the whisky in Beckham county, went to the place where the whisky had been hidden and there and near there indulged in a drinking orgy; that Lowell Owens drank a greater portion of the whisky than the others with him, from the effects of which he died of alcoholic poisoning.

The statute under which this prosecution was brought and under which the petitioner is being held to answer a charge of murder (chapter 2, Sess. Laws of 1923) reads as follows:

"Any person who sells, gives away, or otherwise furnishes any liquor, preparation, or compound, for beverage purposes, and which results in death, shall be guilty of murder." Section 1.

The petitioner says this statute is unconstitutional, assigning seven major reasons for such contention, as follows: (1) Because our Constitution makes the violation of the prohibitory liquor laws a misdemeanor, with a minimum punishment fixed as for such. (2) Because it provides for cruel and unusual punishment. (3) Because under its provisions one actuated by an innocent intent might be guilty of a capital offense. (4) Because it creates a major offense, irrespective of any criminal intent. (5) Because the statute does not provide in terms that the liquor must be poisonous or contain some deleterious substance. (6) That the statute is so vague and ambiguous as not to be susceptible of enforcement. (7) That the statute is in fact a police regulation, the object and terms of which are beyond the police power of the state.

This law manifestly is ambiguous, but the constitutionality of an ambiguous law may be sustained, if from its title, terms, and general import the legislative purpose and the intent of the act can be definitely stated and defined by judicial construction. 25 R. C. L. "Statutes," §§ 213, 214, 216; Ex parte Hunnicutt, 7 Okla. Cr. 213, 123 P. 179. Without violence to its manifest purpose and intent, this ambiguous statute may be judicially paraphrased thus:

"Any person who sells, gives away or otherwise furnishes **to another** any liquor, preparation or compound for beverage purposes, **knowing it to contain alcohol, poison or other deleterious substance,** and which results in the death **of such other,** shall be guilty of murder."

So to paraphrase this statute approaches and may

in fact amount to judicial legislation. The meaning of the statute must be as above paraphrased, or else it is utterly meaningless and void. In this state penal statutes are liberally construed to reach or destroy the ends at which they are aimed. Section 3563, Comp. Stat. 1921; Parker v. State, 7 Okla. Cr. 238, 122 P. 1116, 124 P. 80; Cheeves v. State, 5 Okla. Cr. 361, 114 P. 1125.

As the statute now reads, if it were strictly construed, one who sold to another sweet cider might be guilty of murder. One might suffer death from drinking too much coffee, Coca-Cola, or buttermilk. It would be a cruel incongruity and injustice to adjudge one guilty of murder who, without any wrongful motive or intent, sold or gave to another an innocent beverage, the imbibing of which caused the death of such other. The court, then, must either read into the law what the Legislature intended, or declare it unconstitutional and void.

A decision upon that point is unnecessary in this case, because of another point decisive of the petitioner's right to be freed on habeas corpus. But, in order to obviate diverse interpretations, this act should be clarified and made more specific by legislative amendment.

The record before us shows that the whisky sold and delivered by the petitioner was so sold and delivered in Elk City, Beckham county, to three strange boys whom he had never seen before; that this whisky was carried by these three boys from Beckham into Washita county, where they hid the greater portion of it by the roadside; that the purchasers of the whisky then found three other companions, who joined them and went with them to the place where one-half gallon of this whisky had been hidden. In the course of two hours following

the recovery of the whisky from its hiding place they drank most of this whisky, from the effects of which one of the newly found companions died. A portion of the whisky was saved and analyzed by a chemist. It was found to contain approximately 32 per cent. of alcohol by volume but no appreciable amount of fusel oil or other poison.

The young man who died did not procure the whisky from the petitioner. It was given to him by his companions in another county. Now, if one of the young men to whom the liquor was sold had suffered death in an adjoining county, the petitioner might be amenable to prosecution in either county, under the terms of section 2429, Comp. Stat. 1921, which reads as follows:

"When a public offense is committed, partly in one county and partly in another county, or the acts or effects thereof constituting or requisite to the offense, occur in two or more counties, the jurisdiction is in either county."

But the penal provisions of a statute cannot be enlarged by implication. The petitioner neither saw nor knew the young man who died from the effects of the whisky. It was not furnished the deceased by the petitioner, within the meaning of the statute. On the contrary, it was given to the deceased by his companions in Washita county, after the criminal act was completed by a sale to others in Beckham county, and does not come within the rule announced in People v. Botkin, 98 P. 861, 9 Cal. App. 244, nor in State v. James, 114 A. 553, 96 N. J. Law, 132, 16 A. L. R. 1141, but is more analogous to the rule stated in Rogers v. State, 14 Okla. Cr. 235, 170 P. 269, L. R. A. 1918E, 742.

Except where a change of venue is granted, the accused has a constitutional right to a trial by a jury in

the county in which the crime was committed. Section 20, Bill of Rights.

The writ of habeas corpus is allowed, and the petitioner discharged.

DOYLE and EDWARDS, JJ., concur.