THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PAUL VARIO, ANTHONY ROMANO, BENJAMIN ISRAEL, STEPHEN ODDO, JAMES ZUMMO, " JOHN DOE " and " JANE DOE," Defendants.

County Court, Queens County, January 21, 1938.

*Charles P. Sullivan, District Attorney [J. Irwin Shapiro* of counsel], for the plaintiff.

*Douglas & Douglas [Edward U. Green* of counsel], for the defendant Benjamin Israel.

*Michael A. Coviello,* for the defendants Paul Vario and Stephen Oddo.

*Sydney Rosenthal,* for the defendant Anthony Romano.

COLDEN, J. The defendant Israel has interposed a demurrer, in writing, specifying his grounds of objection to the indictment herein. The indictment contains six counts. The first count charges all of the defendants with the crime of conspiracy. The second count charges the defendant Israel alone with the crime of inducing another to commit perjury, in violation of section 813 of the Penal Law. The third count charges the defendants Oddo and Zummo alone with the crime of subornation of perjury in the first degree, in violation of section 1632 of the Penal Law. The fourth count charges the defendant Vario alone with the crime of subornation of perjury in the first degree, in violation of section 1632 of the Penal Law. The fifth count charges the defendants Oddo and Zummo alone with the crime of violating section 2440 of the Penal Law. The sixth count charges the defendant Paul Vario alone with the crime of violating section 2440 of the Penal Law.

Each of the counts in the indictment, subsequent to the first count charging all of the defendants with the crime of conspiracy, affirmatively alleges " that the commission of the acts set forth in this and the preceding counts of this indictment constitutes two or more acts or transactions connected together and forming parts of a common scheme or plan and which are all of the same or similar character."

Before going into the particular grounds set forth by the defendant Israel in his demurrer it may be well, in order that an intelligent discussion of said demurrer may be had, to briefly recite the facts appearing in the indictment. The first count of the indictment, which charges all of the defendants with the crime of conspiracy, alleges that on September 13, 1936, in the county of Queens, the complaining witness was forcibly raped and assaulted by the defendants Vario and Romano; that said defendants were thereafter arrested and taken into custody by the police; that a hearing on the complaint against the said defendants was had in the Magistrates' Court, and that said defendants Vario and Romano were remanded, without bail, upon said charges of rape and assault to await the action of the grand jury of the county of Queens; that

thereafter and on April 5, 1937, testimony and evidence concerning the said rape and assault charge against said defendants Vario and Romano was presented to the April, 1937, grand jury in and for the county of Queens; that on April 8, 1937, the said April, 1937, grand jury voted to indict the said Vario and Romano for the crime of rape in the first degree and assault in the second degree upon the body of the complainant; that thereafter the defendants Vario and Romano were duly arraigned upon the said indictment, plead not guilty thereto, and that the trial thereof was thereupon set for the 17th day of May, 1937; that by reason of adjournments the actual trial of said indictment did not commence until November 3, 1937.

The first count of the indictment then proceeds to charge that, beginning on or about the 5th day of March, 1937, which is the day that the complaint was filed against the defendants Vario and Romano in the Magistrates' Court, all of the defendants did unlawfully, willfully, knowingly and corruptly conspire and combine and confederate and agree together and with each other and with various other persons to commit acts for the perversion and obstruction of justice by attempting to impede and prevent the indictment, trial and conviction of said defendants Vario and Romano upon said charge of rape and assault; and that in furtherance of said conspiracy all of the defendants conspired (1) to intimidate and conceal witnesses for the People whose testimony was material and necessary in the prosecution of the said Vario and Romano, (2) to induce witnesses to withhold information from and make untrue statements to the district attorney of Queens county and members of his staff, (3) to induce witnesses to withhold information from and testify untruthfully before the said April grand jury, (4) to induce witnesses to withhold information from and testify untruthfully before the County Court of Queens county and the petit jury therein upon the trial of the aforesaid indictment charging the defendants Vario and Romano with rape and assault.

The indictment then sets forth in detail ten overt acts alleged to have been committed by the defendants in furtherance of said conspiracy to pervert and obstruct justice.

The defendant Israel demurs to the indictment upon five grounds, which we will consider *seriatim*. The first ground of demurrer is " that the alleged crimes in the said indictment were not committed in the County of Queens and not within the jurisdiction of this Court." Although it is true that most of the allegations in the first count of the indictment show that the alleged conspiracy was hatched in the county of Kings and not in the county of Queens,

paragraph fifteen of the first count of the indictment alleges that one of the overt acts in furtherance of said conspiracy, and to effect the objects thereof, was committed " at Corona, in the County of Queens, City and State of New York." It thus appears that at least one of the overt acts " in furtherance of said conspiracy and to effect the objects thereof " was committed in the county of Queens. It has been held, times without number, that an indictment for conspiracy may be found in any county in which it can be proved that an overt act was done by any of the conspirators in furtherance of their common design. (*People* v. *Summerfield,* 48 Misc. 242; *People* v. *Peckens,* 153 N. Y. 576; *People* v. *Wicks,* 11 App. Div. 539; affd., 154 N. Y. 766; *People* v. *Murray,* 95 N. Y. Supp. 107.)

Thus, the first ground of the demurrer is without merit in so far as it purports to pertain to the first count of the indictment. A different question, however, arises with respect to the second count of the indictment, for in that count it is specifically alleged that " the defendant Benjamin Israel in the County of *Kings* incited and attempted to procure one Millie Handelman to commit perjury and give false testimony and to withhold true testimony from the aforesaid April Grand Jury upon her appearance thereat in the County of Queens." The defendant Israel strenuously contends that, because this count of the indictment shows upon its face that the affirmative acts alleged to have been committed by the defendant Israel were committed in the county of Kings, the grand jury in Queens county had no jurisdiction to find an indictment against the said defendant Israel by reason of the facts alleged in said count of the indictment. At common law the second count of the indictment could not be sustained because the general rule was that criminal offenses must be prosecuted in the county where the crime was committed. (4 Black. Comm. 305.) This rule was regarded as one of the safeguards of the liberties of the individual. (4 Black. Comm. 349.) Under the Federal Constitution (with certain exceptions not here pertinent) every prosecution for a crime against the United States must be had in the State and district in which the crime was committed. Like provisions were found in the Constitutions of many of our sister States (Tennessee, New Hampshire, Massachusetts, Wisconsin and Nebraska).

In New York, however, the matter was not the subject of constitutional decree, but obtained as a common-law rule of procedure. It was to modify the rigors of that rule that section 134 of the Code of Criminal Procedure was enacted. That section reads: " When a crime is committed, partly in one county and partly in another,

or the acts or the effects thereof, constituting or requisite to the consummation of the offense occur in two or more counties the jurisdiction is in either county."

As a matter of pleading, it may not be doubted that, although the alleged incitement and attempt by the defendant Israel to procure the witness to commit perjury and give false testimony took place in the county of *Kings* it was with respect to a proceeding then pending in the county of *Queens*, and it was with respect to testimony thereafter to be given by that witness in the county of Queens. In other words, the effects of the alleged acts of the defendant Israel in the county of Kings were intended to take place and occur in the county of Queens. Thus the facts set forth in the second count of the indictment would clearly seem to fall within the scope of cases contemplated by section 134 of the Code. That section should be construed to effectuate the purpose intended by its adoption.

" This statute is remedial in its character, and a careful reading of it as well as an examination of cases wherein it was construed, will show that its object was to extend the lines of jurisdiction beyond the limits prescribed by the common law, and thus prevent the miscarriage of justice." (*People* v. *Licenziata*, 199 App. Div. 106.)

In *People* v. *Mitchell* (49 App. Div. 531; affd., 168 N. Y. 604, upon the opinion below) the Appellate Division, Fourth Department, thoroughly analyzed the purpose and effect of the statute in question. It was there held that, under section 134 of the Code, an indictment for larceny in appropriating property in the custody of the defendant, as bailee, might properly be found in the county where the bailment took place, *although no wrongful act was alleged to have been committed in that county and the misappropriation occurred elsewhere.* By a parity of reasoning, although no wrongful act is alleged to have been committed in the county of Queens, the effects of the wrongful acts in the county of Kings occurred in the county of Queens, and it was, therefore, within the jurisdiction of the grand jury of Queens county to indict the defendant Israel. (*People* v. *Hudson Valley Construction Co.*, 217 N. Y. 172.)

The first ground of the demurrer is, therefore, overruled, and it is affirmatively held that the crimes set forth in the first and second counts of the indictment were properly indictable by the grand jury of the county of Queens.

The second ground of the defendant Israel's demurrer is " that the indictment does not conform substantially to the requirements of Sections 275 and 276 of the Code of Criminal Procedure."

Section 275, so far as here material, provides that the indictment must contain " a plain and concise statement of the act constituting the crime, without unnecessary repetition." Section 276 of the Code gives the form of a simplified indictment. In *People* v. *Weiss* (252 App. Div. 463; revd. on other grounds, 276 N. Y. 384) Mr. Justice JOHNSTON said: " In determining the sufficiency of an indictment the test is: Does it identify the charge against the defendant so that his conviction or acquittal will bar a subsequent charge for the same offense; does it notify him of the nature and character of the crime with which he is charged so as to enable him to prepare his defense and to permit the court to pronounce judgment according to the right of the case? (*People* v. *Farson*, 244 N. Y. 413; *People* v. *Williams*, 243 id. 162.) In applying this test courts should be liberal, not technical. Thus construed, the indictment is sufficient and the defendants were not prejudiced by the failure to plead the crime charged in the identical words of the statute. To hold otherwise ' would be to sacrifice substance to form and abandon much that has been accomplished to simplify procedure upon criminal trials.' (*People* v. *Marcus*, 235 App. Div. 397, 400.) " Tested by that rule, the indictment is clearly sufficient. The second ground of the demurrer is overruled.

The next ground of demurrer is " that there is a misjoinder of crimes and a misjoinder of defendants, contrary to the provisions of sections 278 and 279 of the Code of Criminal Procedure." Section 278 of the Code reads: " The indictment must charge but one crime and in one form except as in the next section provided." Section 279 provides: " When there are several charges for the same act or transaction, constituting different crimes or the same crime alleged to have been committed in a different manner or by different means, or for two or more acts or transactions connected together or constituting parts of a common scheme or plan, or for two or more acts or transactions constituting crimes of the same or a similar character, instead of having several indictments or informations, the whole may be joined in one indictment or information in separate counts, and if two or more indictments or informations are found in such cases, the court may order them to be consolidated; provided, however, that where the charges involve two or more acts or transactions constituting crimes of the same or a similar character which are neither connected together nor parts of a common scheme or plan, the court, in the interest of justice and for good cause shown, may, in its discretion, order that the different charges set forth in the indictment or information, or indictments or informations, be tried separately. The joinder or consolidation of indictments or informations shall not be prevented

by the fact that different penalties may be imposed for conviction upon the several crimes charged."

The latter section was added by chapter 328 of the Laws of 1936, in effect April 9, 1936, which repealed the former section 279, which read as follows: " The crime may be charged in separate counts to have been committed in a different manner or by different means; and where the acts complained of may constitute different crimes, such crimes may be charged in separate counts."

A comparison of the old section 279 with the new, when considered in conjunction with section 278, clearly reveals that a definite procedural change has been made in the form and manner of joining crimes in an indictment. Whereas under the old section 279 only one crime and in one form could be charged in an indictment, except where the acts complained of constituted different crimes, in which event such crimes could be charged in separate counts, under the present section 279 different crimes committed at different times and at different places may be consolidated in one indictment, but in separate counts thereof, provided such crimes are " connected together or " constitute " parts of a common scheme or plan," or if the acts constituting the crimes are " of the same or a similar character." In sustaining the constitutionality of this new joinder statute, the Court of Appeals, in *People ex rel. Pincus* v. *Adams* (274 N. Y. 447), said: " There is nothing unique about a statute which provides that a person may be tried in a single trial for a number of crimes of a similar nature or connected together as part of a 'common plan. Laws substantially the same as those involved herein have been for many years a part of the Federal statutes and are to be found on the statute books of many of the States. Such procedure was not unknown to the common law. (*People* v. *Gates*, 13 Wend. 311, 322; *Queen* v. *Castro*, [1880] 5 Q. B. D. 490; affd., 50 L. J. Rep. [H. L.] 497.) The constitutionality of these statutes and the validity of convictions obtained under them have been challenged on a number of occasions but uniformly they have been upheld. In *Pointer* v. *United States* (151 U. S. 396) it was held that an indictment charging the defendant with two independent murders was a proper joinder under the Federal statute. ' The accused having been charged with different acts or transactions " of the same class of crimes or offences," it is scarcely necessary to say that the transactions referred to in the indictments being of the same class of crimes, could properly, that is, consistently with the essential principles of criminal law, be joined in one indictment against a single defendant without embarrassing him or confounding him in his defense.' (*Williams* v. *United States*, 168 U. S.

382, 390.) In the State courts such statutes have been sustained in *People* v. *Kelly* (203 Cal. 128); *State* v. *Fox* (56 S. D. 294); *State* v. *Brunn* (145 Wash. 435). Cf. *Webb* v. *State* (177 Ga. 414); *Commonwealth* v. *Slavski* (245 Mass. 404); *Shappard* v. *State* (104 Neb. 709); *State* v. *Semerarol* (99 Vt. 275); *Gutenkunst* v. *State* (218 Wis. 96; 259 N. W. 610; certiorari denied, 296 U. S. 608).

"The contention that the joinder statute violates article 1, section 6, of the New York Constitution is equally without merit. The constitutional provision prohibits the trial of anyone charged with the commission of an infamous crime except on presentment and indictment by a grand jury. The relators have been indicted by a grand jury under a statute which does not attempt to deprive them of that right. The statute which does not eliminate the use of presentment or indictment by a grand jury may provide for a change in the form of indictment, as witness the adoption of the short form of indictment. (*People* v. *Bogandoff*, 254 N. Y. 16.)"

In *People* v. *Luciano* (251 App. Div. 887) the indictment contained ninety separate counts charging each defendant with ninety separate crimes. Upon appeal, the Appellate Division, First Department, unanimously sustained both the constitutionality of the statute in question and the joinder of the ninety separate crimes thereunder.

The defendant, in his memorandum, has not cited either the *Luciano* case or the *Plumeri* case. The only difference between those cases and the instant case is that in those cases each count of the indictment was directed against each of the defendants involved. In this case that is not the fact, as has heretofore been pointed out. However, that is a distinction without a difference, for in the instant case the grand jury charges that each of the crimes committed and set forth in each of the counts of the indictment was part of a single common scheme or plan with the other crimes set forth in the remaining counts of the indictment. So, considering the allegations of the indictment, it is clear that the grand jury, if it had chosen, could have charged each of the defendants with each of the separate and distinct crimes alleged in each count of the indictment. That the grand jury, through its own volition or at the suggestion of the district attorney, was more gracious to some of the defendants than it need have been may not be availed of by those defendants as a reason for the non-joinder of the clearly connected crimes set forth in the indictment herein. The district attorney, if he was the one that suggested that all of the defendants be not charged with all of the crimes set forth in the indictment, may very well have had his reasons for so doing. However that may be, the defendant Israel may not be heard to

complain that he was not charged with more crimes than he could have been.

In this connection it may be well to point out that pursuant to the provisions of section 400 of the Code of Criminal Procedure if upon the trial " it appear by the testimony that the facts proved constitute a crime of a higher nature than that charged in the indictment, the court may direct the jury to be discharged, and all proceedings on the indictment to be suspended, and may order the defendant to be committed, or continued on or admitted to bail, to answer any new indictment which may be found against him for the higher offense."

It is further urged, in connection with this ground of the demurrer, that by reason of the consolidation of the crimes in one indictment the defendants jointly will obtain fewer peremptory challenges than they would have if they had been tried separately for each separate offense. However, the law is concerned only with assuring a defendant a fair and impartial trial by an impartial jury, and the number of challenges prescribed is designed solely to accomplish that purpose, whether the trial is concerned with one, ten, fifty or even ninety offenses. The general rule of law applicable is stated in 35 Corpus Juris (at p. 414), and reads: " The fact that an indictment contains several counts does not entitle defendant to any additional peremptory challenges, even though the different counts charge separate and distinct offenses which may be joined in the same indictment. This is also true where several indictments charging similar offenses, which might have been charged in separate counts of the same indictment, are consolidated."

The highest court of this State has, upon numerous occasions, held that the mere fact that upon a joint trial two or more defendants together have the same number of peremptory challenges as each would separately have if he were separately indicted and tried does not deprive the defendants jointly tried of any constitutional rights or privileges. (*People* v. *Connolly*, 227 App. Div. 167, 185–187; affd., 253 N. Y. 330; *People* v. *Doran*, 246 id. 409.)

Rules of criminal procedure are designed to aid in the administration of the criminal law. Unless reason or precedent compels otherwise, an interpretation of such rules should be made which will make effective the purpose and intent for which the rules were adopted. Slavish adherence to theories which have long since outlived their usefulness and which serve only to aid the criminal at the expense of society should not be perpetuated. The apparently prevailing layman's belief that the enforcement of the criminal law can be frustrated by a " legal bag of tricks " should be changed by the attitude of the courts in rational and sensible interpretation

of the law. No defendant has a prescriptive right to claim that because he has committed more than one crime he is entitled to be prosecuted in a certain manner designated by him. It is the considered opinion of this court that the grand jury, by its joinder of the various crimes set forth in the indictment herein, has merely done what the Legislature, by its amendment of section 279 of the Code, intended should be done in such circumstances. This ground of demurrer must, therefore, be overruled.

The next ground of the demurrer alleged by the defendant is " that the facts stated in each of the counts in the said indictment do not constitute a crime." The mere recitation of the facts contained in the indictment as the same are hereinabove set forth clearly reveals lack of merit in this ground of the demurrer. The same is, therefore, overruled.

The last count of demurrer is " that the indictment makes it impossible for the defendant Benjamin Israel to secure a fair trial in accordance with the requirements of due process of law." The only grounds upon which a defendant may demur to an indictment are set forth in section 323 of the Code of Criminal Procedure. The alleged grounds here urged by the defendant Benjamin Israel nowhere appear in that section. Since the right to demur is wholly statutory, and since the statute does not contain the ground urged by the demurrer as one of the grounds for the demurrer, the same must, necessarily, be overruled.

The court has carefully and exhaustively considered the various grounds of demurrer at length because of the importance of the charges against the defendants and because of the comparative novelty of the questions involved. Having thus singly and carefully considered each and every ground of demurrer urged by the defendant Israel, it appears clear that the indictment in all respects complies with existing provisions of law, concisely sets forth each of the crimes with which the defendant Israel is charged and does not infringe upon any of his constitutional rights. The demurrer is, therefore, in all respects disallowed and the defendant Israel is required to appear before this court on January 24, 1938, at ten o'clock in the forenoon of that day to replead to the indictment against him herein.