James B. M. McNally, J.
This is an application for a writ of prohibition brought pursuant to article 78 of the Civil Practice Act wherein petitioner seeks to prohibit the respondents individually and as Justices of the Court of Special Sessions from acting without and in excess of their jurisdiction in trying *100 petitioner and seeking to render judgment in New York County with respect to an alleged crime which (if committed at all) was committed solely and completely in the county of Kings.
The petitioner and a codefendant are now on trial in the Court of Special Sessions, New York County, under a two-count information alleging in the first count a conspiracy to suppress evidence and to commit acts perverting and obstructing justice, and in the second count the suppression of evidence in the form of a writing which might be evidence in a case pending trial in New York County, to wit, People v. John T. Hunt.
The petitioner’s claim is that the proof adduced has shown that the evidence allegedly suppressed, as charged in count two, was obtained in Kings County from a witness in the Hunt case; that, therefore, the crime of suppression of evidence, if any, occurred only in Kings County, and that, accordingly, the respondents, sitting in New York County, are without jurisdiction to hear and determine the charge contained in count two.
This claim was asserted at the trial on a motion to dismiss the count at the end of the People’s case and was rejected by the respondent Judges, the People contending successfully that, while the evidence suppressed was obtained in Kings County, it was suppressed in a case pending in New York County, and that, therefore, jurisdiction lay in this county, under the provisions of section 134 of the Code of Criminal Procedure.
The petitioner now seeks to have this court, in effect, review that ruling and prohibit and restrain the respondent Judges from continuing or concluding the trial on the charge set forth in count two.
The respondents’ position here is, first, that prohibition will not lie since the petitioner has an adequate remedy by way of appeal; and, second, that, in any event, the ruling on the jurisdictional question was and is correct.
It is the contention of the District Attorney that Pogor and Quinones, both officials of the National Maritime Union of America, entered into a corrupt agreement to undermine a pending prosecution against one Hunt, also an official of that union. Hunt is awaiting trial on an information alleging conspiracy to receive bribes as a labor representative and bribery of a labor representative in violation of the appropriate sections of the Penal Law. The Hunt information alleges that Hunt conspired with one Mele and others to receive bribes from Mele so that Hunt would facilitate the issuance of union membership books and permit cards to various merchant seamen who could then seek employment from the hiring halls of the National *101 Maritime Union of America. In furtherance of this conspiracy it is alleged that Hunt gave certain writings signed by him to Mele and then received the writings from the seamen, one of Whom was named Beister. In the second count of the Hunt information, Hunt is accused of having received a $100 bribe from Mele in order that Hunt facilitate the issuance of a permit card to Beister. In accordance with the corrupt agreement between Pogor and Quinones it is alleged that Pogor went to the home of Beister in Brooklyn where he learned from Beister that Beister paid $150 to a confederate of Mele; that Mele gave Beister a piece of paper signed by Hunt authorizing Beister to see Hunt and that Beister then acquired a permit card from Hunt. When Pogor ascertained that Beister had the paper that was signed by Hunt, Pogor fraudulently induced Beister to relinquish the document to Pogor. It is then alleged that Pogor took the document to the National Maritime Union of America offices in New York County, conferred there with the defendant Quinones concerning his visit to Beister and concealed the document in the union offices.
Counsel for the petitioner contends that on the facts the Court of Special Sessions of the County of New York is without jurisdiction over the second count of the information by reason of the fact with respect to the alleged crime that if the crime was committed at all it was committed solely and completely in the County of Kings and that section 32 of the New York City Criminal Courts Act provides: ‘ ‘ All charges of misdemeanor shall be tried in the county wherein the offenses are alleged to have been committed.”
In support of these contentions it is urged that the proof adduced by the prosecution demonstrates that the acts of the petitioner that are the basis of count two were wholly committed in Kings County; that the proof is controlling and that the allegation in the information that the offense stated in count two was committed in New York County is not sustained by the proof. A statement of petitioner Pogor was introduced in evidence on the trial as a People’s exhibit. From that statement it appeared that Pogor had taken the disputed piece of paper to an office in New York County, placed it in a folder which is now missing.
On the facts it appears that New York County has jurisdiction over the crime of suppressing evidence as alleged in the second count of the information. Section 134 of the Code of Criminal Procedure provides as follows: 1 ‘ When a crime is committed, partly in one county and partly in another, or the acts or effects thereof, constituting, or requisite to the consum *102 mation of the offense, occur in two or more counties, the jurisdiction is in either county.”
The trier of the facts may well find that the agreement between Pogor and Quinones was formed with the sole purpose of affecting the outcome of the Hunt case in New York County. The writings signed by Hunt might be urged to prove.Hunt’s complicity in a conspiracy to receive bribes. The suppression of the document might well have a serious effect. It might well be that the taking of the writing from Beister was designed to undermine the prosecution against Hunt in New York County. This act confers jurisdiction on the New York County courts and hence on the respondent Judges. People v. Vario (165 Misc. 842) is in point. There, the defendants were charged in Queens County in an indictment alleging six counts. The first count was for conspiracy to commit acts for the perversion and obstruction of justice. Under the facts of the second count, it appeared that a defendant Israel induced another to commit perjury in violation of section 813 of the Penal Law in Kings County. Israel strenuously argued that Queens County had no jurisdiction over this count. However, the court brushed this argument aside, and declared (p. 847):
“Asa matter of pleading, it may not be doubted that, although the alleged incitement and attempt by the defendant Israel to procure the witness to commit perjury and give false testimony took place in the county of Kings it was with respect to a proceeding then pending in the county of Queens, and it was with respect to testimony thereafter to be given by that witness in the county of Queens. In other words, the effects of the alleged acts of the defendant Israel in the county of Kings were intended to take place and occur in the county of Queens. Thus the facts set forth in the second count of the indictment would clearly seem to fall within the scope of eases contemplated by section 134 of the Code. That section should be construed to effectuate the purpose intended by its adoption.
“ ‘ This statute is remedial in its character, and a careful reading of it as well as an examination of cases wherein it was construed, will show that its object was to extend the lines of jurisdiction beyond the limits prescribed by the common law, and thus prevent the miscarriage of justice. (People v. Licenziata, 199 App. Div. 106).’
“ In People v. Mitchell (49 App. Div. 531; affd., 168 N. Y. 604, upon the opinion below) the Appellate Division, Fourth Department, thoroughly analyzed the purpose and effect of the statute in question. It was there held that, under section 134 of the Code, an indictment for larceny in appropriating property in *103 the custody of the defendant, as bailee, might properly be found in the county where the bailment took place, although no wrongful act was alleged to have been committed in that county and the misappropriation occurred elsewhere. By a parity of reasoning, although no wrongful act is alleged to have been committed in the county of Queens, the effects of the wrongful acts in the county of Kings occurred in the county of Queens, and it was, therefore, within the jurisdiction of the grand jury of Queens county to indict the defendant Israel. (People v. Hudson Valley Construction Co., 217 N. Y. 172).”
In People v. Hudson Val. Constr. Co. (supra) the alleged offense was obtaining money from the State of New York through fraudulent misrepresentations to State officials of the cost of a State construction job. The indictment alleged the filing in Albany County of the false claims, but as to Washington County it alleged not only the doing of the construction work there, but also the formation in Washington County of a conspiracy to defraud the State and the furnishing to State inspectors in Washington County of false vouchers. It would appear that the court held that the crime was one made up of several separate fraudulent acts, some of which were done in Albany County and some in Washington County.
Nothing decided in the case of Matter of Murtagh v. Leibowitz (303 N. Y. 311) applies to the case at bar. The alleged crime there involved was the alleged failure of the then commissioner of investigation to report to the mayor facts ascertained as to whether New York City police officers had been lax or inefficient in enforcing the gambling laws and whether they had taken bribes from gamblers was held to be a crime which, if committed at all, could only have been committed in one county, to wit, New York County. Accordingly, the holding was to the effect that section 134 of the Code of Criminal Procedure was not applicable. On the facts here, the language of that statute is applicable, and so we hold that New York County has jurisdiction over the alleged crime of suppressing evidence as set forth in the second count of the information. Accordingly, the application is denied.