Sobel, J.
The defendant moves for a dismissal of an indictment charging criminal libel on the ground that this court has no jurisdiction of this crime.
The facts are that the defendant issued two press releases in New York County. These press releases allegedly contained libelous matter. The matter subsequently appeared in newspapers published in New York and Kings Counties and circulated throughout the city of New York. The newspapers are not defendants.
Our Penal Law creates three crimes of libel. Sections 1340 and 1341, together, create the crime of publishing a libel. These sections can be violated by either a newspaper or person other than a newspaper. Sections 1348 and 1349 each create separate crimes of furnishing libelous matter to a newspaper. These sections can be violated only by persons other than newspapers.
Of prime interest in this case is section 1343 of the Penal Law which defines “ [publication Under this definition “ [publication ” results where the libelous matter is exposed to be *74 seen by another person. Actual publication, in a newspaper is unnecessary. (People v. Bihler, 154 App. Div. 618; People v. Fornaro, 65 Misc. 457.) Thus it is contended that when the defendant in this case handed the press releases to reporters in New York County the crime in all its essential elements was committed. On this theory, the fact of later publication in the several newspapers represents either natural consequences of defendant’s acts or consequences actually intended by him in order to effectuate and consummate his unlawful purpose. But it is the law that publication in a newspaper is not an essential element to the commission of the crime of libel by one other than a newspaper. The defendant therefore contends that the crime was committed solely in New York County and the Kings County Court has no jurisdiction.

Section 138 of the Code of Criminal Procedure.

This section provides — “ When a crime of libel is committed by publication in any paper in this state * * * the jurisdiction is in either the county where the newspaper is published, or in the county where the party libeled resides.” The party libeled in this case resides in Kings County.
It is contended that this section applies exclusively to libels committed by newspapers. This in my judgment may have been the original intention of the statute.
It appears that at common law the crime of libel against newspapers could be prosecuted in any county where the newspaper was circulated whether it be in the primary place of publication or not. This was also the rule with respect to libels circulated by others. (See 18 Am. & Eng. Encyc. Law [2d ed.], p. 1119; State v. Piver, 74 Wash. 96, and State ex rel. Taubman v. Huston, 19 S. D. 644.) Statutes such as section 138 of the Code of Criminal Procedure, contained in the laws and even in the constitutions of most of our States, constitute a limitation of the common-law right to indict and punish for libel in any county where the libel may be Circulated. (Matter of Kowalshy, 73 Cal. 120.) These provisions in my judgment assure that newspapers indicted for libel would receive a trial by a jury of peers in the county where they maintained publication offices, or at worst, where the party libeled resided, and not in some distant county where perchance a copy of the paper was circulated.
But I also conclude that section 138 of the Code of Criminal Procedure is applicable to defendants other than newspapers where the libelous matter is contained in a newspaper. That statutory intent is evident from the history of the section.
*75 In 1940, on recommendation of the Law Revision Commission chapter 561 was enacted. The report of the commission contained the following note. “ Sections 1346, 1347, 1348 and 1349 [Penal Law] are repealed in order to eliminate procedural provisions, which duplicate section 138 of the Code of Criminal Procedure. Section 138 of the Code of Criminal Procedure is amended by section 6 of this bill to broaden its provisions to cover all material in sections 1346, 1347, 1348 and 1349 of the Penal Law which does not duplicate section 138 of the Code of Criminal Procedure ”. (1940 Report of N. Y. Law Revision Commission, p. 463.)
We are concerned only with former section 1346 of Penal Law which had its origin in section 249 of the 1881 Penal Code. That section read — ‘‘ An indictment for a libel, contained in a newspaper published within this state, against a resident thereof, may be found either in the county where the paper was published, or in the county where the person libeled resided when the offense was committed. ’ ’ Evidently the Law Revision Commission and the Legislature determined that the language “ An indictment for a libel, contained in a newspaper ”, etc., duplicated the language in section 138 of the Code of Criminal Procedure, “ When a crime of libel is committed by publication in any paper ”. For, while other changes were made in 1940 to section 138 of the Code of Criminal Procedure, the language in question was not changed. I rule, therefore, that when a crime of libel is committed by a person other than a newspaper and as a consequence of the commission of such crime the libelous matter does appear in a newspaper, the crime may be prosecuted either in the county where the crime was committed, or in the county of primary publication, i.e., where the newspaper maintains its office or where the person libeled resides.
While there are no cases in this State in point, my ruling finds support in cases in other States.
California has a constitutional provision (Const. 1879, art. I, § 9) which reads — “In all criminal prosecutions for libels, * * * [i]ndictments found, or information laid, for publications in newspapers shall be tried in the county where such newspapers have their publication office, or in the county where the party alleged to be libeled resided ”. Matter of Kowalsky (73 Cal. 120) involved a libel committed by a person other than a newspaper. The court held that the constitutional provision applied not only to editors, publishers and printers of newspapers but also to persons causing publication. In that case although the acts causing publication and the publication office of the newspaper were in another county, the court held *76 that the prosecution could be had in the county where the person libeled resided.
In Shields v. Commonwealth (21 Ky. L. Rep. 1588) the defendant Shields furnished libelous matter in Jefferson County to a newspaper published in Jefferson County. The person libeled resided in Nelson County. The statute read (supra, p. 1588) ‘ ‘ ‘ But all prosecutions against persons publishing a newspaper for any libelous matter contained therein shall be had in the county where the same is printed and issued, or in the county where the party complaining resides.’ ” The court decided that the venue was properly laid in Nelson County.

Section 134 of the Code of Criminal Procedure.

The People contend that apart from section 138 of the Code of Criminal Procedure, jurisdiction is vested in the Courts of Kings County by section 134 of the Code of Criminal Procedure. That section reads “ When a crime is committed, partly in one county and partly in another, or the acts or effects thereof, constituting, or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county.”
In the discussion of this contention, I am accepting the defendants theory that all essential elements of the commission of this crime took place in New York County.
I shall not discuss those crimes which by their very nature can only be committed in one county. Thus, for instance, certain crimes of omission have no effect or consequences outside the county where the crime took place. These are not covered by the section (see Matter of Murtagh v. Liebowitz, 303 N. Y. 311; De Graffenried v. State, 28 Ala. App. 291, and State v. Yelle, 4 Wash. 2d 327).
Nor shall I discuss those single indivisible crimes where although some acts or conditions do take place in another county such acts or conditions do not constitute an element of the crime nor do they constitute consequences or effects necessary to consummate the unlawful purpose. These are not covered by the statute. (People v. Zimmer, 174 App. Div. 470, affd. 220 N. Y. 597; People v. Fowler, 152 N. Y. S. 672; ex parte Lucas, 33 Okla. Cr. 407; People v. Spivak, 237 N. Y. 460.)
Nor shall I discuss the very many multiple element crimes where parts of the criminal acts are committed in one county and parts of such acts in another county; or where overt acts of a conspiracy to commit a crime are committed in more than one county. (People v. Hudson Valley Constr. Co., 217 N. Y. 172; People v. Thorn, 21 Misc. 130; People v. Licensiata, 199 *77 App. Div. 106; People v. Mather 4 Wend. 229; People v. Kastel, 221 App. Div. 315, affd. 250 N. Y. 518; People v. Cosmides, 133 App. Div. 103, affd. 198 N. Y. 566; People v. Anderson, 90 Cal. App. 2d 326; People v. Wicks, 11 App. Div. 539, affd. 154 N. Y. 766; People v. Peckens, 153 N. Y. 576.) These are obviously included in the section.
I shall discuss only those cases in which all the essential elements of the crime are committed in one county and the consequences or effects necessary to consummate the unlawful purpose occur in another county.
The statute, section 134 of the Code of Criminal Procedure is remedial. Its object is to extend the lines of jurisdiction beyond the limits prescribed by the common law and thus prevent a miscarriage of justice. (See discussion in People v. Hetenyi, 277 App. Div. 310, affd. 301 N. Y. 757.) Similar statutes exist in most of the States but in some States the scope of the statute is limited by express constitutional provision that the crime must be prosecuted in the county where committed. (See State ex rel. Schwenker v. District Ct., 206 Wis. 600; Eberhardt v. Barker, 104 Fla. 535, and Rogers v. State, 14 Okla. Cr. 235.)
The following eases are helpful in interpreting the meaning and purpose of the statute.
In People v. Vario (165 Misc. 842) the defendant in Kings County attempted to procure a witness to give false testimony in a proceeding then pending in Queens County. All of such acts took place in Kings County. The court said (p. 847) “ In other words, the effects of the alleged acts of the defendant Israel in the county of Kings were intended to take place and occur in the county of Queens. Thus the facts set forth in the second count of the indictment would clearly seem to fall within the scope of cases contemplated by section 134 of the Code.” The court held that Queens County Court had jurisdiction.
In People v. Megladdery (40 Cal. App. 2d 748, 774-775) the court interpreted an identical statute of the State of California. It said: “ Respondent contends that under section 781 of the Penal Code a particular county cannot have jurisdiction over an offense unless some act which is a necessary element of the offense is committed in that county, or unless some effect of such an act, which effect is an essential or necessary element of such offense, occurs within the county. Respondent also contends that once the commission of an offense has progressed to the point where prosecution therefor is warranted, no act thereafter committed, and no effect of such act thereafter occurring, is or can be an act or effect which is an essential or neces *78 sary element of that offense. Neither contention is sound. The first is refuted by the language of the section. Section 781 of the Penal Code provides:
“ ‘ When a public offense is committed in part in one county and in part in another, or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county.’
“ The interpretation contended for by respondent would completely disregard the phrase ‘ or the acts or effects thereof constituting or requisite to the consummation of the offense ’ contained in the section. Obviously, the phrase, ‘ or requisite to the consummation of the offense ’, means requisite to the completion of the offense — to the achievement of the unlawful purpose — to the ends of the unlawful enterprise. By the use of the word ‘ consummation ’ the legislature drew a distinction between an act or an effect thereof which is essential to the commission of an offense, and an act or effect thereof which, although unessential to the commission of the offense, is requisite to the completion of the offense — that is, to the achievement of the unlawful purpose of the person committing the offense.
“ By his second contention respondent would limit the essential or necessary elements of an offense or its effects to those acts or effects of acts occurring prior to the instant that the offense becomes sufficiently complete to warrant prosecution. Under the interpretation we have already given to the section, this construction cannot be sustained. That the interpretation contended for by the appellant is the correct one is demonstrated by a reference to the cases. In People v. Graves, 137 Cal. App 1 [29 Pac. (2d) 807, 30 Pac. (2d) 508], defendant was charged, in Los Angeles County, with the crime of receiving and agreeing to receive a bribe to vote as a supervisor of that county in favor of a certain proposal then pending before the board. The evidence showed that the bribe money was paid to the defendant in San Francisco. Apparently, there was no evidence where the agreement to accept, the bribe was made. The appellate court held that since the evidence showed the money was given for the vote of appellant, and since that vote was given in Los Angeles, that was sufficient to give Los Angeles jurisdiction. In other words, the dishonest vote was not an essential part of the crimes charged, and the crime was complete before the vote was given, but, nevertheless, it was held, and properly so, that Los Angeles had jurisdiction — the vote was a legal effect of the corrupt agreement, and that gave Los Angeles jurisdiction. This case completely refutes the arguments of respondent on this point.”
To the same effect see People v. Wallace (78 Cal. App. 2d *79 726) and State v. Phillips, (253 P. 2d 919 [Wash.]). People v. Fowler (152 N. Y. S. 672, supra), appears to be the contrary but it is distinguished in People v. Levy (123 Misc. 845, 847).
I reach the following conclusions:
Under section 138 of the Code of Criminal Procedure a person furnishing libelous matter to a newspaper may be prosecuted either (1) in the county where he furnished such libelous matter; or (2) in the county where any newspaper publishing such matter maintains its publication offices; or (3) in the county where the person libeled resides.
Under section 134 of the Code of Criminal Procedure, where all the essential elements of a crime are committed in one county but either (1) intended consequences thereof occur in another county or (2) effects necessary to consummate the intended unlawful purpose occur in another county, then jurisdiction is in either.
In this case it is clear that when the defendant issued the press releases in New York County he intended that the contents should appear in newspapers. Under such circumstances, by virtue of section 138 jurisdiction is properly in Kings County where the person libeled resides. It is also clear that when such press releases were handed to the reporters it was with the intention that the newspapers which they represent carry the contents of such release. It follows that under section 134 it was an intended consequence and an intended effect that the alleged libelous matter be circulated in Kings County where all of the newspapers had a large circulation.
The motion to dismiss this indictment on jurisdictional grounds is therefore denied.