The People of the State of New York, Respondent, *v.* Herbert Nitke, Appellant. (Appeal No. 1.)

The People of the State of New York, Respondent, *v.* Linn Smeal, Appellant. (Appeal No. 2.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
YORKVIEW THEATRE CORPORATION, Doing Business Under the
Name of MONROE THEATRE, Appellant.   (Appeal No. 3.)

Fourth Department, October 24, 1974.

*Thomas G. Presutti* and *John M. Zucker* for appellants.

*Jack B. Lazarus, District Attorney* (*Edward J. Spires* of
counsel), for respondent.

*Per Curiam.*   A new trial should be had as a matter of law.
The crucial question on this appeal is whether the Trial Justice
committed reversible error by instructing the jury to apply the
community standards of Monroe County in determining whether
the films involved were " obscene " under section 235.00 of the
Penal Law.   The defendants were tried and convicted after the
United States Supreme Court altered the Federal constitutional
boundary for regulation of " obscene speech " in *Miller* v.
*California* (413 U. S. 15), but before the Court of Appeals
authoritatively construed our statutory definition of criminal
obscenity, under which the defendants have been convicted
(*People v. Heller,* 33 N.Y 2d 314).

*Miller* expressly held that jury evaluation of allegedly obscene
material under a State-wide community standard was constitu-
tionally permissible (*Miller* v. *California,* 413 U. S. 15, 33–34,

*supra*). The Court of Appeals in *Heller* carefully declared (p. 322), as a matter of State statutory construction, that " in determining whether any material is patently offensive or obscene, the community standard to be applied is a ' state ' standard." The Trial Justice, however, instructed the jurors to decide whether " the average adult person in this county, Monroe County, [would] consider that this film taken as a whole is designed primarily to arouse in such a person the lustful or lewd aspects of mind or desire ". He refused the defendants' request to charge that State community standards apply. That refusal was material and crucial error.

Even though the trial and convictions occurred approximately one month before *Heller* was decided, the interpretation of section 235.00 of the Penal Law stated in that case applies on this appeal. As Judge GABRIELLI noted in *Heller*, the New York obscenity statutes were subject to a uniformly administered State-wide standard before the Supreme Court's decision in *Miller*. " Our State courts have always been guided by our interpretation of the obscenity statutes, as with our interpretation of any criminal statute " (*People v. Heller,* 33 N Y 2d 314, 320, 326–327, *supra*). Thus, although local or county community standards may have been constitutionally permissible under the rationale of *Miller* and the cases that followed it, the trial court should have construed the definition of " obscene " in section 235.00 of the Penal Law to require that the jurors evaluate the films with reference to contemporary standards of the State of New York, as a matter of State law. Furthermore, the defendants were clearly entitled to the benefit of a proper charge under the *Heller* rule. They appeal directly from their judgments of conviction; and when the appellate process has not been exhausted, the appellate court is generally required to apply the law as it exists at the time of the appeal. (*United States v. Schooner Peggy,* 1 Cranch [5 U. S.] 103, 110, MARSHALL, Ch. J.; *People v. Feinlowitz,* 29 N Y 2d 176, 185, cert. den. 405 U. S. 963.)

Therefore, the court below erred, as a matter of New York law, by instructing the jury to apply the local community standards of Monroe County rather than the contemporary community standards of the State of New York. The rules adopted by the Georgia courts in prosecutions under Georgia obscenity laws (*Jenkins v. Georgia,* 418 U. S. 153, or by the United States District Court for the Southern District of California in Federal prosecutions (*Hamling v. United States,* 418 U. S. 87) do not change the New York rule.

Nor is the twice-repeated instruction that local, county standards apply a mere technical error that did not affect substantial rights of the defendants (cf. CPL 470.05, subd. 1). That instruction cultivated the provincial prejudice which the Court of Appeals sought to eradicate by directing that State community standards apply (*People* v. *Heller*, 33 N Y 2d 314, 322, *supra*). The State-wide standard seeks to broaden the perspective of local jurors and reduce the peculiar provincial prejudices of diverse localities; it limits the unpalatable possibility that juries across the State will reach conflicting conclusions on the question whether a particular film or publication is criminally obscene or not. By refusing the defendants' request for such an instruction the Trial Justice failed to state the material legal principles applicable to the case (CPL 300.10, subd. 2). It may well be suggested that even under a correct *Heller* charge each juror will apply his own individual standards as to what he considers obscene and that those standards may be completely parochial when compared to those held by the majority of residents of our State. Nevertheless, the trial court must still charge the standards established by our highest State court. The defendants are entitled to no less.

The judgments should be reversed and a new trial granted.

MARSH, P. J., CARDAMONE, SIMONS, GOLDMAN and DEL VECCHIO, JJ., concur.

Judgments unanimously reversed on the law and a new trial granted.