Harold E. Collins, J.
This is a motion by the defendant, Isaac Mishanie, for an inspection of the Grand Jury minutes and for a dismissal of the indictment herein.
Mishanie and his codefendant, Norman Brill, were indicted for the crime of obscenity in the first degree. The indictment charges that the defendants intended to wholesale promote certain obscene films in the County of Nassau.
Wholesale promote, as defined in the obscenity statutes, means "to manufacture, issue, sell, provide, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate or to offer or agree to do the same for purposes of resale.” (Penal Law, § 235.00, subd 5.)
Two grounds are urged for dismissal. The defendant first argues that no acts were committed by him in furtherance of the crime charged and that any acts allegedly committed by someone else cannot be attributed to him. Under his second ground the defendant maintains that the Grand Jury lacked jurisdiction since the crime alleged took place outside of the County of Nassau.
The defendant’s first contention may be disposed of without extended discussion. In this respect the motion for an inspection of the Grand Jury minutes is granted and as a result thereof the court has examined the minutes. The court finds *867 that the evidence submitted to the Grand Jury is sufficient in law to sustain the crime charged. The defendant’s motion therefore on the first ground urged is denied.
With respect to the second ground concerning lack of jurisdiction it is the position of the defendant that any sale of obscene films as alleged in the indictment occurred in New York County where the defendants did business and that therefore the venue of any consequent prosecution could not be in Nassau County. While the People concede that none of the conduct constituting the offense charged occurred in Nassau County, it is contended that the sales were wholesale transactions to a Nassau County dealer for purposes of resale within Nassau. In this respect the People maintain that the particular effect of the New York County sales was the dissemination of obscene materials to persons in Nassau County.
CPL 20.40 concerning the geographical jurisdiction of counties, in its pertinent part, states as follows:
"A person may be convicted in an appropriate criminal court of a particular county, of an offense of which the criminal courts of this state have jurisdiction pursuant to section 20.20, committed either by his own conduct or by the conduct of another for which he is legally accountable pursuant to section 20.00 of the penal law, when: * * *
"2. Even though none of the conduct constituting such offense may have occurred within such county: * * *
"(c) Such conduct had, or was likely to have, a particular effect upon such county or a political subdivision or part thereof, and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein”.
The "particular effect of an offense” as that term is used in CPL 20.40 (supra) is defined as follows: "When conduct constituting an offense produces consequences which, though not necessarily amounting to a result or element of such offense, have a materially harmful impact upon the governmental processes or community welfare of a particular jurisdiction, or result in the defrauding of persons in such jurisdiction, such conduct and offense have a 'particular effect’ upon such jurisdiction.” (CPL 20.10, subd 4.)
The issue as to whether obscene matter would have a materially harmful impact upon the community welfare of *868 Nassau County as a political subdivision of the State has been determined by the Legislature by the enactment of penal statutes having an impact State-wide and being for the benefit of all the residents of the State including the Nassau County community. Significantly, the very essence of the New York obscenity statutes is to avoid the invidious exhibition or dissemination of patently offensive sexual material. (Penal Law, § 235.00.)
Indeed as stated by the Court of Appeals in People v Heller (33 NY2d 314, 319), "The fact is that the people of the State of New York, through their elected representatives, have chosen to curb the commercial promotion and sale of obscene material, a perfectly valid exercise.”
Moreover, the recent guidelines for determining obscenity as pronounced in the landmark case of Miller v California (413 US 15) would appear to emphasize the validity of local attitudes in view of the holding of the Supreme Court that the contemporary community standard to be applied, as one of the tests in determining obscenity, is a State standard as opposed to a national standard. (See also People v Heller, 33 NY2d 314, supra; People v Nitke, 45 AD2d 543.) Certainly Nassau County as a geographical area of the State should not be required to be insensitive to the effect of patently offensive matter distributed within its borders simply because the initiating transaction occurred elsewhere and yet within the State.
While at common law a person could only be prosecuted in the county where the crime was committed (Matter of Murtagh v Liebowitz, 303 NY 311, 316; People v Hetenyi, 277 App Div 310, 313, affd 301 NY 757) by legislative mandate, jurisdictional constrictions in this respect have been extended so as to permit multiple county prosecutions under the circumstances set forth in CPL 20.40 and its predecessor statutes. (People v Vario, 165 Misc 842; People v Quill, 2 Misc 2d 72, application for order of prohibition den sub nom. Matter of Quill v County Court, 3 AD2d 717, mot for lv to app den 3 AD2d 764; see also Matter of Pogor v Cannella,3 Misc 2d 99.) As the court said in People v Quill (2 Misc 2d 72, supra, p 77) the object of extending the lines of jurisdiction is to "prevent a miscarriage of justice.”
To deny Nassau County the right to prosecute someone responsible for the influx of obscene material into its area simply because the initial sale is consummated beyond a *869 geographical barrier would artifically create a citadel of immunity for those against whom the statute is appropriately directed, namely the "mass producers and distributors” of obscene materials. (See Governor’s memo on approval of L 1969, chs 582 and 583; NY Legis. Annual, 1969, p 555.) This would indeed be a miscarriage of justice.
The defendant correctly argues that the statute (CPL 20.40, subd 2, par [c]) requires a showing that his conduct (the New York County sales) was performed with the intent that it would, or was likely to, have the particular prohibited effect (dissemination of obscene material) in Nassau County. As the District Attorney appropriately maintains in his brief, the Grand Jury minutes sufficiently demonstrate that the wholesale transactions were made in New York County to a Nassau County dealer for resale purposes in Nassau County. Any factual questions regarding such issues are to be resolved at the trial.
The motion to dismiss on jurisdictional grounds is therefore denied.