■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ANDREK et al., Appellants.—Appeal from a judgment of the County Court of St. Lawrence County, rendered July 30, 1973, upon a verdict convicting the defendant of the crime of obscenity in the second degree. Among other things, the defendants contend that the trial court erred in charging the jury that the appropriate standard to judge the obscenity of a movie exhibited by defendants on July 14, 1972 was the "community attitudes in St. Lawrence County". The District Attorney has conceded that the charge was error pursuant to *People v Heller* (33 NY2d 314) and *People v Nitke* (45 AD2d 543) and, further, that it is reversible error. The defendants have accepted the concession and submitted the case without argument. The charge is erroneous and reversible *(People v Heller, supra; People v Nitke, supra;* cf. *People v Crimmins,* 36 NY2d 230). Upon the retrial herein, the court should charge section 235.00 (subd 1, par [c]) of the Penal Law as it existed at the time of the alleged exhibition and without the prosecution's more favorable interpretation under *Miller v California* (413 US 15). (Cf. *Bouie v City of Columbia,* 378 US 347; *People v Heller, supra.)* Judgment reversed, on the law, and a new trial ordered. Herlihy, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.

■ In the Matter of the Claim of RAYMOND PIERRE, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 5, 1975, which disqualified claimant from receiving benefits on the ground he voluntarily left his employment without good cause. The board found that claimant, a shipping clerk supervisor, resigned his employment because he failed to receive a raise which he had been seeking for two years. It further found that claimant had never been promised a raise, nor did he have a firm job prospect when he left his employment. An examination of the record establishes that there is substantial evidence to sustain the board's determination that claimant left his employment without good cause. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.