JOSEPH R. LARKIN, Plaintiff, *v.* CONSOLIDATED TELEGRAPH & ELECTRICAL SUBWAY CO., Defendant.

Supreme Court, Special Term, New York County, January 10, 1949.

*Asher W. Schwartz* for plaintiff.

*William L. Ransom* and *Pincus M. Berkson* for defendant.

EDER, J. This is a motion to strike out five separate defenses upon the ground that it appears on the face thereof that the same are insufficient in law.

This action is brought to recover back wages and is based upon the provisions of section 83–4.0 of the Administrative Code of the City of New York, which reads as follows: " § 83–4.0. *Workmen on excavations.*— A person to whom consent may be granted, or a permit issued, to use or open a street, shall be required, before such consent or permit may be granted or issued, to agree that none but competent men, skilled in the work required of them, shall be employed thereon, and that the prevailing scale of union wages shall be paid to those so employed. Consent shall be denied and permission refused until such agreement shall have been entered into with the agency having jurisdiction over the street to be so used or opened, and all such permits hereafter issued shall include. therein a copy of this provision."

The plaintiff, an employee of the defendant, asserts the right to recover the difference between the claimed " prevailing scale of union wages " and the union scale of wages paid to and received by him during the six-year period preceding the date of the commencement of this action.

Seemingly, this case is one of first impression under this statute.

The statute, it is to be noted, requires the permittee to enter into an agreement with the city, through the municipal agency having jurisdiction over the street to be used or opened, that the statutory compensation will be paid by such permittee to the worker so employed. The statute and the agreement make the employee the beneficiary thereof. The complaint is grounded on the statute and this third party beneficiary agreement.

The plaintiff complains that the defendant has not lived up to its agreement to pay him the prevailing scale of union wages and demands judgment for the difference, the sum of $4,250.

The facts are hardly in dispute. The answer, after denying certain allegations of the complaint, sets up five separate and complete defenses, and the legal sufficiency thereof is challenged by this motion.

In brief, the first defense pleads that during the entire period covered by the complaint the plaintiff was represented by unions certified by the National Labor Relations Board as the sole and exclusive agents to bargain collectively for all weekly employees of the defendant; that pursuant to collective bargaining contracts made by the defendant with such unions and arbitration awards growing out of such contracts and approval by appropriate governmental agencies and valid directive orders issued by them, the said contracts and awards thus fixed and determined the plaintiff's union scale of wages during the entire period mentioned in the complaint and that such fixation of wages constitutes the prevailing scale of union wages for the life of the contracts within the fair intendment of section 83–4.0 and that the payment of such union scale of wages was in full compliance with the requirement of this statute that plaintiff be paid the '' prevailing scale of union wages ''.

The second defense pleads that defendant paid and plaintiff continued to receive without protest the wages paid him in accordance with the said collective bargaining contracts and thereby waived any right of claim he might have under said statute or permits issued pursuant thereto.

The third defense pleads that if and insofar as the statute and permits issued pursuant thereto require the payment of a scale of wages that is higher than the union's scale of wages fixed by the collective bargaining contracts, the statute and permits are invalid, null and void because they are against the public policy expressed by section 17 of article I of the State Constitution and are inconsistent with the National and State Labor Relations Acts.

The fourth defense pleads that said section 83–4.0 and permits issued pursuant thereto are void and unenforcible, if interpreted to require the payment of a higher scale of wages than that fixed by the collective bargaining agreements, because said statute and permits are too vague to be intelligible.

The fifth defense pleads that said statute and permits issued pursuant thereto are arbitrary and discriminatory, if interpreted to require the defendant to pay a higher scale of wages than that fixed by the collective bargaining contracts made between the defendant and the said certified unions.

It is to be noted that section 83–4.0 of the Administrative Code does not define the term '' prevailing scale of union wages ''; that it does not establish any standard and that it provides no method, formula or procedure or agency for ascertaining and determining the prevailing scale of union wages to be paid to those coming within the coverage of said law.

It is unlike section 220 of the State Labor Law which defines the term therein used "prevailing rate of wage" and which establishes the standard and provides the method, formula and procedure for determining the prevailing rate of wage for a legal day's work and designates the fiscal official to make the determination. These features are wholly absent in section 83-4.0 of the Administrative Code.

What constitutes the "prevailing scale of union wages" is left undefined and no method is provided to ascertain and determine it. It is left in a state of vagueness and uncertainty. It lacks clarity, definiteness, certainty, precision.

An act of the Legislature, to have the force of law, must be intelligibly expressed (59 C. J., Statutes, § 160, p. 801, and cases cited); when too vague to be intelligible it is a nullity (*Standard Chemicals & Metals Corp. v. Waugh Chemical Corp.*, 231 N. Y. 51, 54-55).

In the light of this situation it is recognized that the statute in concern is subject to attack as being invalid for vagueness and for lack of definiteness in the respects mentioned.

However, where it is possible to remedy a defect by construction so as to sustain the validity of the law, the courts will apply a reasonable construction toward that end, to carry out the legislative intent.

The obvious purpose of section 83-4.0 is to aid labor; its plain intent is to improve the economic condition of the worker. The legislation is of a nature that pertains to the public welfare and the court should endeavor, by a sensible and practical construction, to carry out the legislative object and intent; the act should receive an interpretation such as will save it from destruction.

Since the statute does not define the term "prevailing scale of union wages", nor provide any standard, nor prescribe any method or procedure to determine the same, the reasonable inference is that the Legislature must have intended that the parties would themselves employ such legal methods as they believed would attain that end.

Here the parties concerned entered into collective bargaining contracts and resorted to arbitration and approval of governmental agencies in arriving at a determination of what should be the union scale of wages, and there is nothing in section 83-4.0 of the Administrative Code which prohibits resort to and employment of such a method for determining the wage compensation of the plaintiff and those coming within the purview of this enactment.

After due reflection, it is my ultimate conclusion that the collective bargaining contracts, arbitration awards, decisions and directive orders of the governmental agencies have established the union scale of wages and that the payment thereof constituted payment by the defendant of the prevailing scale of union wages within the letter and spirit of section 83–4.0 of the Administrative Code and was a compliance therewith.

I accordingly hold the first defense to be sufficient in law and deny the motion to strike it out as being insufficient in law.

The second defense alleges that the defendant paid and plaintiff continued to receive and retained during the mentioned six-years' period, without protest or objection, the wages paid him in accordance with the collective bargaining contracts made between the defendant and said certified unions, that he at no time protested or objected that he had not been sufficiently paid and that he at no time reserved the right to demand additional payments for work performed by him during said period, and defendant alleges that he has thereby waived any right to additional compensation he might have had, whether secured to him by contract or conferred on him by section 83–4.0 of the Administrative Code.

I fail to see why this defense is not sufficient in law.

The plaintiff could voluntarily and intentionally waive the benefit of the statute if he chose to do so and accept a lesser compensation than the statutory fixation. Unlike some statutes which prohibit the right of waiver, section 83–4.0 imposes no such restraint upon the employee.

Whether by his acts and conduct the plaintiff intended to forego and waive any claim of right to extra compensation presents a question for trial determination and the issue is generally a mixed question of law and fact.

I fail to perceive how this defense of waiver, as here pleaded, comes within the category of legal insufficiency, and the motion to strike it out as insufficient in law is denied.

As to the third defense, it is premised on the contention that if and insofar as section 83–4.0 and permits issued pursuant thereto require the payment of a scale of wages that is higher than the union's scale of wages fixed by the collective bargaining contracts, the statute and permits are invalid, null and void because they contravene the public policy expressed by section 17 of article I of the State Constitution and are inconsistent with the National and State Labor Relations Acts.

I am in accord with this view.

The right of collective bargaining is expressly recognized by the mentioned provision of the State Constitution and by article 20 of the State Labor Law (§§ 703–705) and by the Federal statute (U. S. Code, tit. 29, §§ 151–159), and section 83–4.0 of the Administrative Code may not, in my opinion, be validly interpreted to override the wage compensation as fixed and determined by the collective bargaining contracts as the proper and lawful wage return.

This defense is accordingly held to be sufficient in law.

As to the fourth defense, this pleads that section 83–4.0 and permits issued pursuant thereto are void and unenforcible, if interpreted to require the payment of a higher scale of wages than that fixed by the collective bargaining agreements because this statute and the permits are too vague to be intelligible.

This contention has been previously discussed and the conclusion reached that it possesses legal stability, and, as has been indicated, the act has been saved from vitiation by the interpretation which has been given to it. But for the construction so given, this defense would clearly be available.

The motion to strike it out as insufficient in law is denied.

The fifth defense pleads that the statute and permits issued pursuant thereto are arbitrary and discriminatory if interpreted to require the defendant to pay a higher scale of wages than that fixed by the collective bargaining contracts made between the defendant and said certified unions.

I am in accord with this view.

To construe and interpret section 83–4.0 as overriding the wage fixation as determined by the collective bargaining contracts is to vest the plaintiff and others similarly situated with a preferred status and deprive the other employees of collective bargaining rights granted to them by the State Constitution and the applicable labor relations acts to which reference has been made. It would result in and constitute an arbitrary and discriminatory interference with the right of the defendant's employees to bargain collectively concerning their rate of wages, and in practical effect would require the defendant to pay the plaintiff more than is due him under the collective bargaining contracts and to unjustly discriminate in his favor. Such legislation would be invalid (State Const., art I, § 11).

Such a plea constitutes a good defense, and the motion to strike out this defense as insufficient in law is denied.

For the reasons stated, the motion is denied, in all respects.

Settle order.