THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALBERT JOSIE, Defendant.

County Court, Bronx County, May 20, 1954.

*George B. De Luca, District Attorney* (*David Blatt* of counsel), for plaintiff.

*Herbert Siegal* for defendant.

LYMAN, J. The defendant was convicted by verdict of a jury of a violation of sections 1826 and 1691 of the Penal Law, the second and third counts, respectively, of the indictment filed against him. He now moves to have his conviction under the second count vacated and set aside upon the ground that his acquittal by the jury of the first count charging a breach of section 372 of the Penal Law (officer accepting a bribe) constitutes a bar to his conviction under section 1826 of the Penal Law (unlawful taking of fees by a public officer). The vacatur of the conviction for a violation of section 1691 of the Penal Law (prohibiting communication with prisoners) is sought on the ground that the People's trial proof failed to establish the crime as charged.

The first count of the indictment herein (Penal Law, § 372) alleged that the defendant executing the functions of a public officer as a correction officer of the department of correction of

the City of New York in the New York City penitentiary and workhouse at Riker's Island, County of Bronx, unlawfully and feloniously asked, received and agreed to receive a bribe in the sum of $100 from a person purporting to be the wife of one James Rivers, an inmate in the said institution, under an arrangement entered into by the defendant with another prisoner, one Harold Burnside, to furnish and supply both inmates with a narcotic drug and not to make known possession by them of such narcotics to the warden or other person having charge of the said penitentiary and workhouse.

The second count of the indictment (Penal Law, § 1826) charged the defendant as a public officer, a subordinate of a public officer and a person appointed and employed by and in the office of a public officer and acting in behalf of such officer, with unlawfully and feloniously asking, receiving and agreeing to receive the sum of $100 for omitting to do an official act in respect to which a duty was imposed upon him by law, to wit, that he would overlook the unlawful possession of a narcotic drug by the inmates, Rivers and Burnside, and would not make known and report such possession to the warden or other person in charge of the said penitentiary and workhouse.

The third count (Penal Law, § 1691) charged the defendant with unlawfully conveying out of the said penitentiary and workhouse, without the consent of the warden thereof, a letter and writing from the inmates Rivers and Burnside.

After the reception of the trial evidence, the court charged the jury on all three counts of the accusation, resulting in a verdict of acquittal of the defendant of the first count involving a violation of section 372 of the Penal Law, and convicting him of the remaining two counts, sections 1826 and 1691, respectively, of the Penal Law.

In support of his instant application, the defendant urges that section 372 of the Penal Law, and section 1826 of the Penal Law, constitute identical crimes, involving the same proof and that his acquittal under the former section operated as a barrier to his conviction under the latter; that by reason of the acquittal under section 372 of the Penal Law, the jury necessarily found that the defendant did not ask, receive or agree to receive a bribe or any money, property or value of any kind or enter into any promise or agreement therefor.

The defendant's contention is without merit. A person may be indicted in separate counts for different crimes, or the same crime alleged to have been committed in a different manner or by different means, arising from the same act or transaction

(Code Crim. Pro., § 279). Sections 372 and 1826 of the Penal Law are separate, distinct and independent crimes, varying in the degrees of proof, and a conviction under one section does not bar a conviction for the other (*People* v. *Clougher,* 246 N. Y. 106; *People* v. *Morel,* 258 App. Div. 971). Conversely, an acquittal under one section does not bar a conviction under the other. Where the same evidence supports crimes separately charged in the counts of a single indictment, an acquittal under one count is not *res judicata* as to the others (*Dunn* v. *United States,* 284 U. S. 390). Furthermore, the prohibition of section 1938 of the Penal Law relates only to double punishment with respect to different crimes arising from the same transaction and not to double jeopardy for convictions of separate and independent crimes resulting from the same act (see *People* v. *Savarese,* 114 N. Y. S. 2d, 816).

In view of the foregoing and upon a finding by the court that the jury's verdict of guilt is in accord with the weight of the evidence adduced at the trial establishing the defendant's guilt beyond a reasonable doubt, the motion must be and is in all respects denied.