THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GERARD MUSSENDEN, Appellant, et al., Defendants.

First Department, July 1, 1954.

*Vito Marcantonio* of counsel (*Abraham Unger* with him on the brief; *Hammer & Rothblatt,* attorneys), for appellant.

*John B. Lee* of counsel (*Walter E. Dillon* with him on the brief; *George B. De Luca, District Attorney,* attorney), for respondent.

Bastow, J. The defendant Gerard Mussenden appeals from a judgment entered upon the verdict of a jury convicting him of attempted robbery, first degree. On July 31, 1951, a Grand Jury sitting in Bronx County returned an indictment containing three counts accusing the defendant and three others therein named of the crime of (1) attempt to commit the crime of robbery, first degree; (2) attempt to commit the crime of grand larceny, first degree; and (3) assault in the second degree. The attempted robbery count alleged that the defendants were acting in concert and were aided by an accomplice actually present and were aided by the use of an automobile. The attempted larceny count alleged the attempt to steal property from the person of a named individual. The third count alleged an assault in the second degree in that the defendants acting in concert assaulted the named individual with intent to commit the crimes of robbery and grand larceny.

Upon the trial the People presented evidence from which, if believed, the jury could have found that three of the defendants set upon the complainant and while two of them struggled with him, a third reached in complainant's hip pocket and tried to remove his wallet. During this interlude the appellant was sitting in a car parked nearby with its lights out, the motor racing and both doors open. The completion of the crime, it could have been found, was frustrated by the chance arrival of a police patrol car. The case of the defense consisted of the testimony of two of the defendants. Appellant did not testify. If believed, the jury would have been required to find that no crime had been committed. The testimony of the two defendants was, in substance, that the three defendants approached the complainant and inquired about the location of a given street number; that the complainant became excited and waved his arms; and that at this time the police arrived. It was testified that the defendants did not touch the plaintiff or attempt to rob him or steal anything from his person.

The court in its charge submitted to the jury only the count of the indictment accusing the defendants of attempted robbery, first degree. It expressly told the jury that " There are other charges in the indictment, but, in order that you may deliberate upon this more easily, I shall not charge as to those but merely present this case to you on the attempted robbery in the first degree."

Counsel for the defendants took timely exception to the failure of the court to submit the counts of attempted grand larceny and assault, second degree. There had been, of course, no

motion to dismiss the counts. They remained in some form of suspension — neither submitted, dismissed nor withdrawn.

It was the rule at common law that a defendant might be found guilty of any crime the commission of which is necessarily included in the acts stated in the indictment as constituting the crime with which he was charged (*Dedieu* v. *People,* 22 N. Y. 178). This rule was subsequently codified and the substance thereof is found in sections 444 and 445 of the Code of Criminal Procedure. The latter section provides that " In all other cases [not enumerated in § 444]), the defendant may be found guilty of any crime, the commission of which is necessarily included in that with which he is charged in the indictment."

It thus appears that as a procedural matter, the Grand Jury pursuant to section 279 of the Code of Criminal Procedure, may join in one indictment several charges for the same act or transaction constituting different crimes. That procedure was here adopted. On the other hand, a single count indictment might have been returned charging the defendants with the crime of attempted robbery, first degree. In such event, however, the court in its charge would have been called upon to decide upon the implementation of section 445 of the Code of Criminal Procedure, that is, upon all the facts whether the defendants in this case might be found guilty by the jury of either attempted grand larceny, first degree, or assault, second degree.

As a necessary corollary it seems clear that in the instant case the trial court was required to make some disposition of the second and third counts of the indictment. They should not have been ignored. It was the duty of the court to either submit the counts to the jury or withdraw them from consideration by the jury (cf. *People ex rel. Chalmers* v. *Foster,* 272 App. Div. 236, appeal dismissed 297 N. Y. 1039, certiorari denied 332 U. S. 831).

While the trial court should have made a clear-cut disposition of the matter, we conclude that the refusal to submit the two counts did not constitute reversible error. Its refusal so to do was obviously based upon its determination that under any version of the evidence there were no facts proved or suggested which would warrant the jury in finding that the defendants were guilty of either attempted larceny or assault, second degree, as charged, unless they were guilty of attempted robbery, first degree.

This determination was in accord with a limitation which has been placed upon the provisions of section 445. Thus, in *People*

v. *Weiss* (252 App. Div. 463), the defendants had been convicted of the crime of kidnapping. The indictment contained two counts, one charging the crime of kidnapping and the second accusing the defendants of assault second degree. At the close of the People's case, upon a previous trial of the same indictment, the court had dismissed the assault count. The court upon the second trial refused, upon request of the defendants, to charge that they might be found guilty of assault, second degree. In affirming the judgment of conviction the court said (p. 469-470) that " It is true there can be no kidnapping without assault, because the unlawful seizure constitutes the assault. It is also true that one who assaults another with intent to commit a felony is guilty of assault in the second degree. But one who assaults another with intent to cause him to be unlawfully confined is not guilty of assault in the second degree, but of kidnapping. Therefore, as there was no possible view of the facts that would justify any other verdict except a conviction or acquittal of the crime charged, it was not error to refuse to charge that the defendants might be convicted of assault in the second degree." While there was a subsequent reversal (276 N. Y. 384) it was upon another ground. In passing, the court said without further comment that " The question of assault is not in this case. So the trial judge charged." (P. 389.)

The same rule has been applied where the defendant was charged with murder alleged to have been committed while engaged in the commission of a felony and the trial court refused to charge the lower degrees of homicide pursuant to section 444 of the Code of Criminal Procedure. Thus, in *People* v. *Schleiman* (197 N. Y. 383, 390), the court pointed out that the conditions are exceptional which warrant a refusal to instruct the jury as to their power to convict of a lower degree of the crime charged and the instruction should not be withheld " unless the case is one like that before us, where there was no possible view of the facts which would justify any other verdict except a conviction of the crime charged or an acquittal."

While we recognize that it is an exceptional case that justifies a trial court in refusing to submit a case in such form that a jury might find a defendant guilty of any crime the commission of which is necessarily included in that with which he is charged in the indictment, we conclude that here there was no possible view of the facts that would justify any other verdict except a conviction or acquittal of attempted robbery, first degree.

The ordinary case where the inclusive crime should be charged is represented by *Murphy* v. *People* (3 Hun 114).

There, the defendant was charged with robbery, first degree. The defendant's request to charge that the jury could render a verdict of guilty of larceny from the person, or of an assault and battery was in substance refused. This was held to be error and the judgment was reversed. It appears, however, both in the opinion and from our examination of the record on appeal that '' the prisoner's own testimony denied all intent to steal, without denying some degree of violence in attempting to take possession of the valise against the complainant's will ''. (P. 115.) This, of course, represents the classic case where the inclusive crimes should be charged.

In the instant case, however, no such view can be taken of all the evidence. The disputed evidence was whether three of the defendants in a peaceful manner conversed with the complainant about a street address or whether they set upon him and attempted to take his wallet from his hip pocket. Once the jury cast aside the version of the defendants, there were no facts proved or suggested and no inferences that could be drawn from the proven facts which would have warranted the jury in finding the defendants guilty of either attempted larceny or assault, second degree, unless they were guilty of attempted robbery, first degree.

The rationale of the rule is thus stated in *Sparf* v. *United States* (156 U. S. 51, 103): '' To instruct the jury in a criminal case that the defendant cannot properly be convicted of a crime less than that charged, or to refuse to instruct them in respect to the lesser offenses that might, under some circumstances, be included in the one so charged — there being no evidence whatever upon which any verdict could be properly returned except one of guilty or one of not guilty of the particular offense charged — is not error; for the instructing or refusing to instruct, under the circumstances named, rests upon legal principles or presumptions which it is the province of the court to declare for the guidance of the jury. In the case supposed the court is as clearly in the exercise of its legitimate functions, as it is when ruling that particular evidence offered is not competent, or that evidence once admitted shall be stricken out and not be considered by the jury, or when it withdraws from the jury all proof of confessions by the accused upon the ground that such confessions, not having been made freely and voluntarily, are inadmissible under the law as evidence against the accused.''

Furthermore, it is to be remembered that sections 444 and 445 were not enacted with any purpose to enact a new rule of

criminal law, but were both declaratory of the rule which had always obtained at common law, which was that the prosecution never was allowed to fail because all the alleged facts and circumstances were not proved, if such as were proved made out a crime though of an inferior degree (*People* v. *Miller,* 143 App. Div. 251, affd. 202 N. Y. 618). We recognize and reiterate that in the vast majority of cases their provisions should be followed. We repeat that counts in an indictment should be submitted to a jury or otherwise disposed of and not left in a form of suspended animation with sufficient vitality so that they may be used upon any subsequent trial without the possible claim of double jeopardy.

The finding of the jury is supported by ample evidence. We conclude that the substantial rights of the appellant were not affected. The judgment of conviction should be affirmed.

PECK, P. J., COHN, CALLAHAN and BREITEL, JJ., concur.

Judgment unanimously affirmed. [See *post,* p. 958.]