Joseph J. Kozinn, J.
The defendant herein, by a notice of motion, seeks ‘‘ an order dismissing the information against the defendant.”
Section 313 of the Code of Criminal Procedure provides for setting aside an indictment in the two cases therein specified, “ but in no other.” The defendant’s motion papers (the notice of motion and an accompanying affidavit) do not come within the purview of that section. The affidavit contains the statement that it will be the contention of the defendant that section 1141 of the Penal Law “ as it applies to the publications in the within case, cannot possibly be the basis of a conviction of the defendant because it does not sufficiently set forth standards of guilt to meet constitutional requirements.”
Subdivision 4 of section 31 of the New York City Criminal Courts Act adopts all sections of the Code of Criminal Procedure regulating and controlling practice and procedure of the Court of General Sessions, as far as they are consistent with the practice and procedure in the Court of Special Sessions, and regulates and controls the practice and procedure of this court. Accordingly, a defendant, in a court of Special Sessions, may demur to an information or to any count thereof, when it appears upon the face of the information that the facts stated do not constitute a crime (People v. Zambounis, 251 N. Y. 94).
The proper procedure to test the sufficiency of the information upon the ground (Code Crim. Pro., § 323, subd. 4): “that the facts do not constitute a crime ” is by way of a demurrer. A demurrer must be interposed (Code Crim. Pro., §§ 315, 332) at the time of arraignment, or the objections are waived or precluded, except that certain objections, within the purview of section 331 of the Code of Criminal Procedure, may be urged at the trial. The record, here, discloses that the defendant entered a plea of “ Not Guilty ” at the time of his arraignment; a demurrer may not be entertained while the “ Not Guilty ” plea stands (People v. Kahn, 155 App. Div. 821). The courts have overlooked technical defects in procedure (People v. Chester, 4 Misc 2d 949). Since the notice of motion also seeks for “ such other and further relief,” this court, too, will overlook the defects in procedure, here, and will consider the present application as one seeking relief by way of demurrer. On a demurrer, all the facts alleged are to be deemed true (People v. Decina, *599 2 N Y 2d 133; People v. Chester, supra); the information in the first count charges that, in violation of section 1141 of the Penal Law, the defendant: “ did have in his possession with intent to sell, lend, give away, distribute and show a quantity of lewd, indecent, lascivious, obscene, filthy, sadistic, masochistic and disgusting books, magazines, pamphlets, writings and publications,” (emphasis added) and in the second count: “did show and, did offer to sell, lend, give away, distribute and show” (emphasis added) such “ books, magazines, pamphlets, writings and publications.”
Section 1141 of the Penal Law, so far as the same is applicable here, reads: “A person who * * * has in his possession with intent to sell, lend, distribute or give away, or to show * * * any obscene, lewd, lascivious, filthy, indecent, sadistic, masochistic or disgusting booh, magazine, pamphlet * * * is guilty of a misdemeanor.” (Italics added.)
The charges in the information that the books, etc., were ‘ ‘ lewd, indecent, lascivious, obscene, filthy, sadistic, masochistic and disgusting,” being deemed to be true, and the statute, as hereinafter shown, being constitutional and valid, the question of the sufficiency of standards of guilt, if it can be argued at all, cannot be urged on a demurrer, but properly should be presented to the trial court, in arrest of judgment (People v. Reed, 276 N. Y. 5.)
The defendant seeks a determination that section 1141 of the Penal Law be declared a nullity because, as he substantially contends, it is too vague to be intelligible.
An act of the Legislature, to have the force of law, must be intelligibly expressed (59 C. J. S., p. 601, § 160 and cases cited) and, when too vague to be intelligible, it is a nullity (Standard Chemicals & Metals Corp. v. Waugh Chemical Corp., 231 N. Y. 51, 54, 55). This statute pertains to the public welfare, is not vague and is intelligible. Mr. Justice Eder, in Larkin v. Consolidated Tel. & Elec. Subway Co. (193 Misc. 1001, 1005), in connection with legislation of a public nature, said: “the court should endeavor, by a sensible and practical construction, to carry out the legislative object and intent; the act should receive an interpretation such as will save it from destruction.”
The section, here, has been held to be constitutional (People v. Winters, 268 App. Div. 30, affd. 294 N. Y. 545) and sufficiently sets forth standards of guilt to meet constitutional requirements (Burke v. Kingsley Books, 208 Misc. 150, affd. sub nom. Brown v. Kingsley Books, 1 N. Y. 2d 177).
In the Burke v. Kingsley Books case (supra), Mr. Justice Matthew M. Levy, in a very learned opinion, at page 156, said: *600 “ Repeated challenges to the definiteness of the term ‘ obscene ’ have been rejected (Chaplinsky v. New Hampshire, 315 U. S. 568, 571-572; American Civil Liberties Union v. City of Chicago, 3 Ill. 2d 334, 347; Lockhart and McClure, Literature, The Law of Obscenity, and The Constitution, 38 Minn. L. Rev. 295, 324-350). There is no question but that the term ‘ obscene ’ is sufficiently definite to be used — even in a criminal statute (Winters v. New York, 333 U. S. 507, 518, supra). ‘ The legislature has declared in this section [Penal Law, § 1141] that no obscene, lewd, lascivious or disgusting book shall be sold. Language could not be plainer. ’ ’ ’
The word ‘ ‘ obscene, ’ ’ and the other words in the section, are capable of legal application when examined in the light of precedent. They are in common use and are understood by persons of ordinary intelligence. As stated in People v. Muller (96 N. Y. 408, 410): “It is to be observed that the statute [then Penal Code, § 317] does not undertake to define obscene or indecent pictures of publications. But the words used in the statute are themselves descriptive. They are words in common use, and every person of ordinary intelligence understands their meaning.”
Since the decisions in the cases above cited, the statute was amended by the addition of the words, “ filthy,” “indecent,” “sadistic,” “masochistic,” and these words, as well as the language in the statute in force at the time of the decisions in the above-cited cases, “ could not be plainer ” and are “ in common use, and every person of ordinary intelligence understands their meaning ’ ’. Without belaboring books etc., of all the types referred to in the statute, as now in force, it surely cannot be claimed that a “ lewd ” hook, or a “ filthy ” book or a “ disgusting ” book is “ too vague to be intelligible ” by every person of ordinary intelligence.
The motion is denied and the demurrer is overruled.
(On reargument.)
The defendant moves for permission to reargue a motion to dismiss the information herein, heretofore denied, and, upon the granting of said motion to reargue the same, apparently (taking the language from the affidavit, attached to the original motion papers, and also from the affidavit attached to the notice of motion for reargument) upon the ground that such information ‘‘ cannot possibly be the basis for a conviction of the defendant because it does not set forth sufficient standards of guilt so as to meet constitutional requirements.” The motion for permission to reargue is granted, and, after reconsidering the motion to *601 dismiss, the court adheres to its original decision, and the motion to dismiss the information is again denied. The decision of Mr. Justice Felix Frankfurter in Butler v. Michigan (352 U. S. 380) decided at the October, 1956 Term of the Supreme Court of the United States, and attached to the instant moving papers for reargument, and submitted in support of the defendant’s contention, does not apply to this motion; in our former decision, in connection with the original motion, we held, and still hold, that the question urged by defendant, should “properly be presented to the trial court,” citing in support People v. Reed (276 N. Y. 5), and the Butler case (supra) passing on a conviction of the defendant, there, after trial, supports our view.