Joseph J. Kozinn, J.
The present motion of the deféndant seeks “ an order dismissing the information herein on the ground that the defendant cannot be prosecuted in the absence of warning or the giving to defendant of notice of proceedings pursuant to section 22-a of the Code of Criminal Procedure, and that the court has no jurisdiction, and for such other and further relief as may be just and proper.”
*163 Assuming (but not so deciding) that the ground urged by the defendant on this motion for a dismissal of the information has some merit, the same should be presented to and decided by the trial court after the completion of the trial, and, for that reason, the motion should be denied.
By virtue of subdivision 4 of section 31 of the New York City Criminal Courts Act, this court may pass upon a demurrer and test the sufficiency of the information upon the ground (Code Grim. Pro., § 323, subd. 4) “ That the facts stated do not constitute a crime ”. If we are, therefore, to consider this motion as seeking to demur to the information, it could also be denied on the technical ground that the defendant is precluded from so doing on the present state of the record herein, which discloses that on April 10, 1957, the defendant pleaded “ Not Guilty ”; a demurrer may not be entertained while such a plea stands. (People v. Kahn, 155 App. Div. 821, cited in my opinion in People v. Dill, 7 Misc 2d 597.) The courts, have, however, overlooked technical defects in procedure (People v. Chester, 4 Misc. 2d 949; People v. Dill, supra). Since the defendant also prays for “ other and further relief,” this court, too, will overlook the defects in procedure on the instant motion. On a demurrer, all the facts alleged are deemed to be true (People v. Decina, 2 N Y 2d 133; People v. Chester, supra.)
The information, here, sufficiently charges a violation of section 1141 of the Penal Law (sale and distribution of obscene prints and articles), and there is nothing contained in said section which requires the giving of any notice or warning before a criminal proceeding may be commenced pursuant thereto, nor does section 22-a of the Code of Criminal Procedure require the giving of such notice or warning as a prerequisite to the commencement of a criminal proceeding for a violation of said section 1141 of the Penal Law. The decision of the United States Supreme Court in Kingsley Brooks v. Brown (354 U. S. 436) cited by the defendant, also fails to support the defendant’s contention that such a notice or warning is required. In Larkin v. Consolidated Tel. & Elec. Subway Co. (193 Misc. 1001, 1005), Mr. Justice Edee said that “ the court should endeavor, by a sensible and practical construction, to carry out the legislative object and intent ”, and this court is of the opinion that the sensible and practical construction of both of these sections is that it was the legislative intent that the State was to be free (1) to commence and prosecute a criminal proceeding for a violation of section 1141 of the Penal Law without being required to give any prior notice or warning, or (2) to institute injunction proceedings, or (3) to commence *164 and so prosecute both the criminal proceedings and also the injunction proceedings.
Accordingly, the defendant’s motion should be, in all respects, denied, and the demurrer overruled.
Cawse and Gassman, JJ., concur.
Motion denied, etc.