Chandler S. Knight, J.
The indictment filed against the defendants charges them with the commission of 23 crimes set forth in the 23 counts of the indictment, including forgery, uttering a forged instrument, procuring a forged instrument to be recorded, obtaining a signature of a person to a written instrument by false pretense and conspiracy. It also charges that “ the acts and transactions making up the crime alleged in each of the aforesaid counts are connected together and constitute parts of a common scheme and plan, and in each of said counts all of said defendants aided, assisted and abetted the other
The defendants have demurred to the indictment “ upon the grounds that more than one crime is charged in the said indictment within the meaning of section 295-e of the Code of Criminal Procedure
A demurrer to an indictment must be made upon one of the subdivisions of section 323 of the code. Perhaps it was the intention of the defendants to demur upon the ground set forth in subdivision three of that section ‘ ‘ That more than one crime is charged in the indictment within the meaning of sections two hundred and seventy-eight or two hundred and seventy-nine ’ ’ of the code. However, had they done so, the result would have been the same.
Chapter 328 of the Laws of 1936 repealed section 279 of the Code of Criminal Procedure and in lieu thereof created a new *672 section 279 to read as follows: ‘ ‘ When there are several charges for the same act or transaction, constituting different crimes or the same crime alleged to have been committed in a different manner or by different means, or for two or more acts or transactions connected together or constituting parts of a common scheme or plan, or for two or more acts or transactions constituting crimes of the same or a similar character, instead of having several indictments or informations, the whole may be joined in one indictment or information in separate counts, and if two or more indictments or informations are found in such cases, the court may order them to be consolidated; provided, however, that where the charges involve two or more acts or transactions constituting crimes of the same or a similar character which are neither connected together nor parts of a common scheme or plan, the court, in the interest of justice and for good cause shown, may, in its discretion, order that the different charges set forth in the indictment or information or indictments or informations, be tried separately. The joinder or consolidation of indictments or informations shall not be prevented by the fact that different penalties may be imposed for conviction upon the several crimes charged. ’ ’ The statute was held to be constitutional (People ex rel. Pincus v. Adams, 274 N. Y. 447).
The courts have repeatedly held that an indictment may contain counts charging various crimes and numerous counts (People v. Vario, 165 Misc. 842); even as many as 90 counts (People v. Luciano, 277 N. Y. 348).
The indictment here specifically charges that the several counts in the indictment each constitute a part of a common scheme or plan. This procedure authorized by section 279 of the code was upheld in People v. Erickson (302 N. Y. 461); People v. Mussenden (284 App. Div. 479) and People v. Josie (206 Misc. 704).
The defendants take the position that the provisions of section 279 of the Code of Criminal Procedure apply solely to the long-form of indictment of section 276 of the code and not to the short-form indictment of section 295-e of the code. I do not agree with that contention. When the Legislature created new section 279, by chapter 328 of the Laws of 1936, it provided therein (§ 9) that “ This act shall take effect immediately and shall apply to all indictments [emphasis supplied] or informations hereafter filed”. The Legislature, aware of the two forms of indictment, viz., the long form of section 276 and simplified form of section 295-e, used all-inclusive language, in the procedure of charging crime in separate counts. Thus, where two or more *673 acts or transactions connected together or constituting part of a common scheme or plan, or constituting crimes of the same or similar character, the several charges may be joined in one indictment in separate counts, whether the form of the indictment is long, short or simplified. Section 279 applies to all indictments.
The intention of the Legislature in this respect is indicated in subdivision 3 of section 323 of the code wherein it provides that a demurrer may be made to an indictment where it appears on the face thereof that more than one crime is charged ‘1 within the meaning of sections two hundred and seventy-eight or two hundred and seventy-nine ”. This section does not restrict a demurrer to any particular form of indictment but authorizes a demurrer to the indictment. If the simplified form of indictment under section 295-e violates the provisions of section 278 or 279 of the code, it is demurrable under this section. If this were not so, there would be no ground for demurrer to a simplified form of indictment in respect to the objection that it contains more than one crime.
The same crimes and the same counts that may be charged in an indictment under section 275 of the code may be charged in an indictment under section 295-b of the code. The distinction between the two forms of indictment is not in the crimes that may be charged therein, but only in the manner of describing the offense.
As section 279 applies to the simplified indictments under chapter III-A entitled “ Simplified Indictments ” of the Code of Criminal Procedure, so conversely does section 295-1 under chapter III-A apply to the long form of indictment under section 276 of the code. “ The language of section 295-1 * * * clearly illustrates the substantial distinction between the two procedures as it alone of all the sections under chapter III-A expressly and explicitly refers to all cases where a defendant has been indicted ”. (People v. Ercole, 308 N. Y. 425, 433.)
Not only may a defendant be charged with several counts in a simplified indictment but upon the trial after the introduction of proof a simplified indictment may be amended by adding thereto new counts where it is made to appear that they relate to the transaction upon which the defendants stand indicted (Code Crim. Pro., § 295-j). This does not apply to the so-called long-form indictment under section 276 of the code which may only be amended under the provisions of section 293.
The indictment used here was the simplified form authorized by section 295-e of the Code of Criminal Procedure and in all respects it complies with the existing provisions of law.
*674 It is the judgment of the court, that the demurrer must therefore, be overruled and disallowed, and the defendants are required to appear before this court on November 3, 1958, at 10 o’clock in the forenoon of that day to replead to the indictment against them herein.
The District Attorney will submit and file order.