John H. Galloway, Jr., J.
Defendant moves for leave to withdraw his plea of not guilty to Indictment No. 19321 entered before this court on January 30,1961, and for leave to interpose a demurrer to said indictment, on the ground that on its face the indictment violates sections 278 and 279 of the Code of Criminal Procedure, in that it is duplicitous.
*912 The indictment charges the defendant under three counts with:
1. Bribery of certain police officers on October 17, 1960;
2. On the same day unlawfully impersonating a police officer, and
3. On the same day of being in felonious possession of burglars’ instruments, after prior conviction of crime. It further alleges that all of the acts mentioned in the three foregoing counts “ are connected together.”
Defendant’s proposed demurrer, attached to the moving papers, is based on the following grounds:
1. That the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure; and
2. That more than one crime is charged in the indictment within the meaning of sections 278 and 279 of the code.
These grounds of demurrer are provided for in subdivisions 2 and 3 of section 323 respectively of the Code of Criminal Procedure. Such demurrers may not be interposed while a plea of not guilty stands. (People v. Namolik, 8 A D 2d 685 [4th Dept., 1959].) And failure to raise the objections, here raised, at the time of arraignment or thereafter and before trial would constitute a waiver thereof. (People v. Namolik, supra, p. 686; People v. Dill, 7 Misc 2d 597 [1957]; People v. Tower,135 N. Y. 457.)
However, this court, as have other courts, will overlook any such technical defects in procedure, and will entertain the motion to interpose the demurrer. (People v. Dill, supra; People v. Chester, 4 Misc 2d 949 [1956].)
As to the first ground of demurrer, we are of the opinion that indictment conforms and complies substantially with the requirements of sections 275 and 276 of the code as to its contents and its form, respectively. Defendant’s claim is without merit.
As to the second grounds viz. that the indictment is duplicitous within the meaning of sections 278 and 279 of the code, section 278 provides that an indictment “ must charge but one crime and in one form except as in the next section provided ”.
Section 279 provides in material part, that: “When there are several charges * * * for two or more acts or transactions connected together * * * instead of having several indictments * * * the whole may be joined in one indictment * * * in separate counts ”.
Defendant urges that the three crimes charged in this indictment are wholly unrelated crimes of a separate and distinct nature, not connected together or alleged to constitute parts of *913 a common scheme or plan; that on its face the indictment reveals that it charges more than one crime, and that such joinder is improper as a matter of law (citing People v. Namolik, 8 A D 2d 685, supra) and unauthorized under section 279.
In Namolik, the court reversed a conviction on one of two counts for insufficiency of the evidence to sustain it. In a dictum the court discussed the indictment which charged, among others, three crimes ‘ ‘ which were wholly unrelated, which were not of the same or similar character and which were not connected together or alleged to constitute parts of a common scheme or plan” (p. 686). This joinder, the court said, was improper as a matter of law.
In our opinion the dictum in Namolik, were it to have constituted the court’s holding, does not sustain defendant’s contention in the case at bar. For there, there was no allegation in the indictment that the three crimes charged were connected together, whereas here, the Grand Jury charges that “ All of the acts mentioned in the foregoing counts of this indictment are connected together
Defendant says that this “ gratuitous ” statement is meaningless and conclusory in nature because nothing in the indictment shows any factual connection between the three crimes charged therein, and does not validate the otherwise duplicitous indictment. We do not agree, for we do not read section 279 as requiring expressly or a recitation of evidentiary facts showing that the several crimes charged are ‘ ‘ connected together ”. We are of the opinion that an allegation, as here, that ‘1 the acts mentioned in the foregoing counts of this indictment are connected together ”, is a statement of fact; that it satisfies the intendment of the statute and that it renders the joinder of the three crimes compliant with the provisions of sections 278 and 279 of the code.
This procedure, authorized by section 279 of the code, has been upheld by the courts in many decisions which considered demurrers to indictments on the ground of duplicitousness. They have disallowed the- demurrer where the indictment specifically charges that “ The acts and transactions making up the crime alleged in each of the aforesaid counts are connected together and constitute parts of a common scheme or plan ’ ’.
See, for example, People v. Thompson (14 Misc 2d 670 [1958]) crimes set forth in 23 counts; People v. Vario (165 Misc. 842 [1938]) — 6 counts; People v. Erickson (302 N. Y. 461, 467 [1951]) — 1 count of conspiracy and 59 counts charging book-making.
*914 It follows that the indictment at bar complies with the procedure recognized and accepted as compliance with section 279 of the code by the weight of authority, and that it is not duplicitous for the reasons urged by defendant.
People v. Trepel (207 Misc 98 [1954]) is not to the contrary. There, on defendant’s demurrer on the ground of duplicity, it was held that an indictment, which listed two separate dates two years apart for each alleged solicitation of business on behalf of an attorney, must be construed on the basis of its own wording and not as supplemented by oral information, and was on its face bad for duplicity. That indictment lacked any allegation that the acts charged in each of the 6 counts were ‘1 connected together ” or “ parts of a common scheme or plan ’ ’.
We should observe that on a demurrer, the factual allegations thereof must be accepted as true and be deemed to have been admitted. (People v. Wright, 12 Misc 2d 961 [1958]; People v. Squillante, 12 Mise 2d 514 [1958]; People v. Chester, 4 Misc 2d 949 [1956]; People v. Kalbfeld, 124 Misc. 200 [1924].)
Since we have here determined that the proposed demurrer cannot be sustained, but must be disallowed, defendant’s motions must in turn be denied. Submit order on notice in accordance herewith.