John H. Galloway, Jr., J.
Defendant Morgan moves to sustain Ms demurrer to the superseding indictment herein on the ground of incorrect joinder of the third count with the first and second counts thereof, because there is no connection whatsoever between the alleged crimes of burglary first degree (first count) and larceny first degree (second count) and the alleged felonious possession of a loaded firearm (third count). Pie urges that more than one crime is charged “ in violation of Section 279 of the Code of Criminal Procedure, and that the counts have been incorrectly joined in violation of the statute Sections 278 to 323 of the Code of Criminal Procedure ”.
Defendant’s demurrer is apparently laid under subdivision 3 of section 323 of the code, on the ground that it appears on the face thereof (of the indictment) that more than one crime is charged therein within the meaning of sections 278 or 279. Section 278 provides that “ the indictment must charge but one crime * * * except as in the next section provided ’ ’. Section 279 provides that 1 ‘ when there are several charges * * * for two or more acts or transactions connected together * * * instead of having several indictments * * * the whole may be joined in one indictment * * * in separate counts.”
*805 The indictment in question charges the defendant with first, burglary in the first degree committed on June 28, 1961 (breaking and entering the house of the victim); second, grand larceny in the first degree committed at the same time in the same premises (stealing money of more than $500 in amount); and third, felonious possession of a loaded firearm on the same occasion. The indictment also alleges that — “ All of the acts and transactions alleged in each of the several counts of this indictment are connected together.”
In our judgment the three separate crimes alleged in the indictment are on the face thereof so patently “ connected together ”, as alleged in the language of the indictment, that extended discussion of the point would be superfluous. Apart from defendant’s counsel’s hearsay recitation of someone’s version of the facts alleged by the People, he submits nothing of probative value to indicate, much less to establish, even the possibility that the acts and transactions alleged as constituting the several crimes charged are not in fact connected together within the meaning of section 279 of the code.
In our opinion section 279 does not require a recitation of evidentiary facts in the indictment showing that the several crimes are ‘1 connected together ’ ’. The allegation, as here made, that they are so connected together accords to the joinder of the three counts prima facie compliance with the provisions of the statute, with respect to the permitted form and manner of joining crimes in an indictment.
The authorities are clear that several crimes arising out of the same transaction and connected together may properly be joined together in one indictment in separate counts, in the manner here followed by the People. (People v. Thompson, 14 Misc 2d 670, 23 crimes in 23 counts; People v. Vario, 165 Misc. 842, 6 counts; People v. Erickson, 302 N. Y. 461, 467 — 60 counts [1 of conspiracy, 59 of book-making]; see, also, People v. Manasek, 33 Misc 2d 911.)
Defendant’s other contentions in support of his demurrer have been considered and found without merit. We have overlooked the defendant’s failure to submit his demurrer in writing as required by section 324 of the code. The demurrer should be, and is hereby disallowed; and the motion to sustain same is denied. Defendant will attend and plead to the superseding indictment as soon as practicable after the entry and service of the judgment and order hereon.