■ The People of the State of New York, Respondent, v. Rudolph Manasek, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered May 24, 1962 after a jury trial, convicting him of felonious possession of burglar's instruments, unlawful impersonation of a police officer and petit larceny (two counts), and imposing sentence upon him as a fourth felony offender. The defendant also appeals " from each and every intermediate order " made in this action. Judgment modified on the law as follows: (1) by striking out the provision convicting defendant of the crime of unlawfully impersonating a police officer and the sentence of one year imposed therefor; (2) by severing the count in the indictment charging the commission of such crime; and (3) by granting a new trial upon such count. As so modified, the judgment is affirmed. The findings of fact implicit in the jury's verdict are affirmed. The court submitted the count of false impersonation of a police officer to the jury under the wrong statute and thus reversal on that count (to which the District Attorney has consented) is required. When the police detective asked the defendant for identification, that request was not an arrest or unlawful detention (*People* v. *Entrialgo*, 19 A D 2d 509; cf. *People* v. *Marendi*, 213 N. Y. 600, 608). The defendant did not identify himself. Instead, he flashed a police officer's badge and said that he was a police officer; that he represented the White Plains Police Department; that he was working on a

case, and that the detective would ruin the case if he did not let the defendant go. The detective, who knew that the defendant was not a police officer in the White Plains Police Department, placed the defendant under arrest. Under section 931 of the Penal Law, the defendant's conduct and statements constituted a crime, namely, the false personation of a police officer (cf. *People v. Lafaro*, 250 N. Y. 336, 342, 343; *People v. Chapman*, 13 N Y 2d 97); and therefore the arrest, the subsequent search of the defendant and the seizure as evidence of the articles in his possession were all lawful. The fact that the trial court submitted the count of the false personation of a police officer to the jury under the wrong statute, that is, under section 1846 of the Penal Law, instead of under section 931 of the Penal Law, did not render the arrest, search and seizure unlawful. No separate appeal lies from the intermediate orders which have been reviewed on the appeal from the judgment of conviction. [For prior related decisions in this action, see 33 Misc 2d 832, 835–838, 33 Misc 2d 911.] Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.