Ross v No Parking Today, Inc. (2024 NY Slip Op 00880)

Ross v No Parking Today, Inc.

2024 NY Slip Op 00880

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Kern, J.P., Singh, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 151700/22 Appeal No. 1689 Case No. 2023-01756 

[*1]Graham Ross etc., et al., Plaintiffs-Appellants,
v
No Parking Today, Inc., Defendant, Consolidated Edison Company of New York, Inc., Defendant-Respondent.

Virginia & Ambinder, LLP, New York (James E. Murphy of counsel), for appellants.
Littler Mendelson, P.C., New York (Eli Z. Freedberg and Jennifer S. Kim of counsel), for respondent.

Order, Supreme Court, New York County (Lucy Billings, J.), entered March 27, 2023, which granted defendant Consolidated Edison Company of New York, Inc.'s (Con Edison's) motion to dismiss the second cause of action against it, unanimously modified, on the law, without costs, to deny the motion to the extent that it is based upon a contract between Con Edison and the City, and otherwise affirmed, without costs.
In this putative class action, plaintiff Graham Ross and other similarly situated construction flaggers brought a breach of contract claim premised on a contract between Con Edison and the City. In support of this claim, plaintiffs alleged that Con Edison failed to ensure payment of prevailing wages by codefendant No Parking Today, Inc. (No Parking) as required by the permits issued by the City Department of Transportation (DOT), in that it breached agreements required to be made, pursuant to Administrative Code of City of NY § 19-142, prior to obtaining such permits. Administrative Code § 19-142 required Con Edison "to agree that . . . the prevailing scale of union wages shall be the prevailing wage for similar titles as established by the fiscal officer pursuant to section [220] of the labor law, paid to those so employed," and provides that "[n]o permit shall be issued until such agreement shall have been entered into with the" DOT. As required by the Administrative Code, the DOT permits issued to Con Edison stated that the permittee was required, "before such permit may be issued, to agree . . . that the prevailing scale of union wages shall be the prevailing wage for similar titles" established pursuant to Labor Law § 220 (see Lewis v Hallen Constr. Co., Inc., 193 AD3d 511 [1st Dept 2021]).
We find that plaintiffs sufficiently alleged a breach of contract claim based on an agreement between Con Edison and the City, and the court erred in dismissing this portion of their claim.
Further, the fact that the breach of contract cause of action in the complaint does not specifically identify the relevant contract but instead refers to "the promises required to be made pursuant to New York City Administrative Code § 19-142 prior to obtaining such permits," does not require dismissal. Despite the non-specificity, the complaint "give[s] sufficient notice of the nature of the claim" by referencing Administrative Code § 19-142 and the DOT permits (Tokhtaman v Human Care, LLC, 149 AD3d 476, 478 [1st Dept 2017], lv dismissed 30 NY3d 1010 [2017] [finding that although the contracts allegedly breached were not specifically identified in the complaint, the citation to the applicable statute indicated that the contracts referenced are those which companies are required to obtain pursuant to that statute]).
However, the court properly dismissed the portion of plaintiffs' breach of contract claim based solely on the DOT permit. Contrary to plaintiffs' argument, the type of permit at issue here is not a contract giving rise to third-party beneficiary [*2]rights (see Matter of Union Indem. Ins. Co. of N.Y., 200 AD2d 99, 108 [1st Dept 1994] ["the essential foundation of any right of action a third-party beneficiary may have is a valid and binding contract"]).[FN1] Tellingly, none of the cases cited by plaintiffs hold that a permit constitutes a contract.[FN2] Plaintiffs' argument that "the permit, even if not a formal contract, serves as a memorialization of ConEd's enforceable agreement " is also unpersuasive.
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024

Footnotes

Footnote 1: Moveover, early New York decisions also concluded that a permit is not a contract (see e.g. People ex rel. Lodes v Department of Health of City of N.Y., 189 NY 187, 191 [1907]; Metropolitan Bd. of Excise v Barrie, 34 NY 657 [1866]). A considerably more recent Court of Appeals case, Brothers v New York State Elec. & Gas Corp. (11 NY3d 251, 259-260 [2008]), found that the work permit at issue in that case was "not a typical 'bargained-for exchange'" but declined to decide whether the permit was a contract.
Footnote 2: Most of the cases cited by plaintiffs involve actual contracts, leases, or scaffolding law liability and are thus inapposite (see e.g. Lewis v. Hallen Constr. Co., Inc., 193 AD3d 511 [1st Dept 2021]; Bart v Universal Pictures, 277 AD2d 4 [1st Dept 2000]; Larkin v Consolidated Tel. & Elec. Subway Co., 193 Misc 1001 [Sup Ct, NY County 1949]).